# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DANIEL L. LAUER**
Blume, Connelly, Jordan, Stucky &
  Lauer, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD TROY DUNNO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1207-PO-310 |
| | ) | |
| RONALEE RASMUSSEN, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Jerry L. Ummel, Magistrate
Cause No. 02D01-1112-PO-3771

**November 20, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Richard Troy Dunno appeals the trial court's judgment ordering him to pay attorney fees. Dunno raises one issue which we revise and restate as whether the trial court abused its discretion by denying Dunno's motion to correct error. We reverse.

The relevant facts follow. On December 21, 2011, Dunno filed a petition for an order for protection and request for a hearing against Ronalee Rasmussen. Dunno alleged that Rasmussen struck him with a vodka bottle and that he received eighteen stitches as a result of the injury. On December 22, 2011, the court issued an ex parte order for protection.

A chronological case summary ("CCS") entry dated February 9, 2012, indicates that Dunno failed to appear for a hearing and present evidence.[1] That same day, the court ordered that the petition for an order for protection be dismissed and that the order for protection issued on December 22, 2011, be terminated.

A CCS entry dated February 13, 2012, indicates that Rasmussen presented evidence at the hearing that she was not the individual that caused Dunno to receive stitches and requested the payment of attorney fees. On February 13, 2012, the court granted Rasmussen's motion and stated that she was entitled to recover reasonable attorney fees in the sum of $500. Specifically, the court's order provided:

> [Dunno] fails to appear. [Rasmussen] appears with counsel and the Court finds as follows:
>
> 1.      The Court granted an Ex Parte Order of Protection based on [Dunno's] sworn statement that [Rasmussen] struck him with a vodka bottle resulting in injury to

---

[1] The record does not contain a transcript of the hearing.

[Dunno[2]].  [Dunno] stated that he was taken to the emergency room and received 18 stitches for the injury caused by [Rasmussen].

2.    At the hearing [Rasmussen] presented evidence that she was not the individual that caused [Dunno] to receive stitches.

3.    The Court then dismissed and terminated the Order of Protection and [Rasmussen], by counsel, requested the payment of attorney fees.  [Rasmussen's] motion is granted.  [Rasmussen] is entitled to recover reasonable attorney fees which the Court finds to be the sum of $500.00.  [Rasmussen] is now given a judgment in favor of [Rasmussen] against [Dunno] in the sum of $500.00.

Appellant's Appendix at 1.

On February 24, 2012, Dunno filed a motion to correct error.  Dunno alleged that attorney fees may not be assessed against him pursuant to Ind. Code § 34-26-5-9(c).  That same day, Dunno also filed a motion for relief from judgment under Ind. Trial Rule 60(B)(1).  Dunno alleged that his attorney advised him that his petition would be dismissed if he chose not to attend the hearing and was not advised that attorney fees could be assessed against him.[3]

On March 5, 2012, the court denied Dunno's motion for relief from judgment.  On March 19, 2012, Dunno filed a request for a hearing with respect to his motion to correct

---

[2] The February 13, 2012 order stated that Dunno alleged that Rasmussen struck him with a vodka bottle resulting in "injury to the Respondent."  Appellant's Appendix at 1.  The next day, the court entered an amended order to correct the scrivener's error.

[3] We note that a statement above the affirmation in Dunno's petition for an order for protection states: "I understand that if a Hearing is set, and if I fail to appear for the Hearing, the Court may terminate the Ex Parte Order and dismiss the case."  Appellant's Appendix at 22.

error. The court held a hearing on June 18, 2012, and denied Dunno's motion to correct error.

Before addressing Dunno's arguments, we note that Rasmussen did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). Questions of law are still reviewed *de novo*, however. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

The issue is whether the trial court abused its discretion by denying Dunno's motion to correct error.[4] The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion. Paragon Family Rest. v. Bartolini, 799 N.E.2d 1048, 1055 (Ind. 2003). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. Id.

Dunno argues that the trial court improperly assessed attorney fees against him because Ind. Code § 34-26-5-9 allows for a trial court to order only a respondent to pay attorney fees. Dunno argues that "[a]llowing the trial court to award attorney fees against

---

[4] Dunno's notice of appeal refers to the court's February 14, 2012 order and the denial of his motion to correct error on June 18, 2012. Dunno does not mention on appeal or develop any argument with respect to the denial of his motion for relief from judgment.

4

someone petitioning for a protective order would undoubtedly have a chilling effect and cause some victims of domestic violence to forgo making a legitimate plea for protection." Appellant's Brief at 7. Dunno also claims that the record does not support an attorney fee assessment under Ind. Code § 34-52-1-1(b).

Generally, Indiana has consistently followed the American Rule in which both parties generally pay their own fees. Loparex, LLC v. MPI Release Techs., LLC, 964 N.E.2d 806, 815-816 (Ind. 2012). In the absence of statutory authority or an agreement between the parties to the contrary – or an equitable exception – a prevailing party has no right to recover attorney fees from the opposition.[5] Id. at 816. The record does not reveal what statutory basis, if any, or what reason Rasmussen cited in support of her request for attorney fees. The court's order also did not specify a statutory provision supporting the award of attorney fees.

Ind. Code § 34-26-5-9(c) of the Indiana Civil Protection Order Act governs the relief after notice and hearing and provides that "[a] court may grant the following relief after notice and a hearing, whether or not a respondent appears, in an order for protection or in a modification of an order for protection: . . . [o]rder a respondent to . . . pay attorney's fees." This statute does not mention that a trial court may order a petitioner to pay attorney fees. Rather, the statute limits the trial court's discretion to an order against the respondent.

---

[5] There are three well-established common-law exceptions to the American Rule: the "obdurate behavior" exception, the "common fund" exception, and the "private attorney general" exception. Indiana embraces the first two of these and not the third. Loparex, LLC, 964 N.E.2d at 816 n.5.

The first section of the Indiana Civil Protection Order Act provides that "[t]his chapter shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence." Ind. Code § 34-26-5-1. In light of the statements in Ind. Code § 34-26-5-1 and Ind. Code § 34-26-5-16,[6] which provides that certain fees may not be charged in seeking relief under this chapter but that costs may be collected from a party against whom an order of protection is sought, we observe that ordering a petitioner to pay the respondent's attorney fees may chill the filing of meritorious protective order cases because potential claimants face the possibility of being ordered to pay fees. We cannot say that Ind. Code § 34-26-5-9 provides statutory authority to order Dunno to pay Rasmussen's attorney fees.

Subsection (b) of Ind. Code § 34-52-1-1, also known as the General Recovery Rule, provides:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

---

[6] Ind. Code § 34-26-5-16 provides:

Fees for:

    (1)    filing;
    (2)    service of process;
    (3)    witnesses; or
    (4)    subpoenas;

may not be charged for a proceeding seeking relief or enforcement as provided in this chapter, including a proceeding concerning a foreign protection order as described in section 17 of this chapter. This section may not be construed to prevent the collecting of costs from a party against whom an order for protection is sought if the court finds a claim to be meritorious and issues an order for protection under this chapter.

(2)     continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3)     litigated the action in bad faith.

Ind. Code § 34-52-1-1.

A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. America's Directories Inc., Inc. v. Stellhorn One Hour Photo, Inc., 833 N.E.2d 1059, 1070-1071 (Ind. Ct. App. 2005), trans. denied. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. Id. at 1071. A claim or defense is groundless if no facts exist which support the legal claim relied on and presented by the losing party. SLR Plumbing & Sewer, Inc. v. Turk, 757 N.E.2d 193, 201 (Ind. Ct. App. 2001). However, an action is not groundless merely because a party loses on the merits. Id. Bad faith is demonstrated where the party presenting the claim is affirmatively operating with furtive design or ill will. SJS Refractory Co., LLC v. Empire Refractory Sales, Inc., 952 N.E.2d 758, 770 (Ind. Ct. App. 2011).

Dunno argues that the trial court made no specific finding that he brought or continued his action after his claim became frivolous, unreasonable, or groundless, or that he litigated in bad faith. Dunno also argues that while Rasmussen presented evidence that she was not the individual that caused him to receive stitches, it is undisputed that he

7

was injured by someone at the party and that he verified under oath that Rasmussen caused the injuries.

The trial court's decision to award attorney fees under § 34-52-1-1 is subject to a multi-level review: the trial court's findings of facts are reviewed under the clearly erroneous standard and legal conclusions regarding whether the litigant's claim was frivolous, unreasonable, or groundless are reviewed *de novo*. Purcell v. Old Nat. Bank, 972 N.E.2d 835, 843 (Ind. 2012). Finally, the trial court's decision to award attorney fees and any amount thereof is reviewed for an abuse of discretion. Id. A trial court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law. Id.

To the extent that Dunno argues that the trial court made no specific finding that he brought or continued his action after his claim became frivolous, unreasonable, or groundless, or that he litigated in bad faith, we observe that the Indiana Supreme Court recently held that when a trial court grants a petition for attorney fees without making special findings of fact, "we look to the basis of the prevailing party's petition and view the court's order as an implicit legal conclusion consistent with the main thrust of the petition—that the claim or defense at issue was frivolous, unreasonable, groundless, or litigated in bad faith." R.L. Turner Corp. v. Town of Brownsburg, 963 N.E.2d 453, 461 (Ind. 2012). As previously mentioned, the record does not reveal what statutory basis, if any, or what reason Rasmussen cited in support of her request for attorney fees.

Even assuming, without deciding, that the General Recovery Rule applies in the context of this case, and recognizing again that Rasmussen did not file an appellee's

8

brief, we cannot say that the record supports an award of attorney fees. While Dunno failed to appear at the hearing and the court found that Rasmussen presented evidence that she was not the individual that caused Dunno to receive stitches, we cannot say that the record supports the conclusion that Dunno's action was frivolous, unreasonable, or groundless, that Dunno continued to litigate after his claim clearly became frivolous, unreasonable, or groundless, or that he litigated the action in bad faith. Accordingly, we conclude that Dunno has made a *prima facie* showing that the award of attorney fees was improper. See Dorothy Edwards Realtors, Inc. v. McAdams, 525 N.E.2d 1248, 1253 (Ind. Ct. App. 1988) (concluding that appellant had made a *prima facie* showing on appeal that the award of attorney fees was inappropriate and should be reversed), reh'g denied.

For the foregoing reasons, we reverse the trial court's judgment ordering Dunno to pay Rasmussen's attorney fees.

Reversed.

FRIEDLANDER, J., and PYLE, J., concur.