**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**NICHOLAS J. WAGNER**
**DARRON S. STEWART**
**DAVID W. STEWART**
Stewart & Stewart Attorneys
Carmel, Indiana

ATTORNEY FOR APPELLEES:

**KATHERINE Y. GAPPA**
Bruce P. Clark & Associates
St. John, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTINA HAEHN,                               )
                                               )
    Appellant-Plaintiff,              )
                                               )
      vs.                          )  No. 73A05-1404-CT-177
                                               )
F.A. WILHELM CONSTRUCTION CO., INC.,           )
and WILHELM CONSTRUCTION, INC.,                )
                                               )
    Appellees-Defendants.             )

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Jack A. Tandy, Special Judge
Cause No. 73C01-1002-CT-3

**October 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Christina Haehn ("Haehn") filed suit against several parties, including F.A. Wilhelm Construction Co., Inc., and Wilhelm Construction, Inc. (collectively, "Wilhelm"), for injuries she incurred. Evidentiary matters discussed at a hearing established that continuation of Haehn's action as to Wilhelm would be frivolous. Haehn did not dismiss the action as to Wilhelm, however, and the trial court ordered Haehn to pay Wilhelm attorney fees associated with continuation of the litigation.

Haehn now appeals; Wilhelm contends Haehn's appeal is frivolous and seeks appellate attorney fees.

We affirm the trial court's award of fees in all respects. We deny Wilhelm's request for appellate attorney fees.

**Issues**

Haehn raises several issues for our review. We consolidate and restate these as the single question of whether the trial court abused its discretion in its determination of the attorney fees it awarded to Wilhelm. We also address Wilhelm's request that this Court award appellate attorney fees.

**Facts and Procedural History**

On May 13, 2008, Haehn was riding a horse in Barn 7 at the Indiana Downs horse track in Shelbyville. Construction was ongoing at Indiana Downs and at the Indiana Grand Casino ("the casino"). Indiana Downs and the casino were immediately adjacent to one another. Barn 7 at Indiana Downs, however, was a long distance from the casino.

2

While Haehn was riding her horse, the horse reared up and tossed her to the ground; she sustained injuries as a result.

On February 18, 2010, Haehn filed suit against numerous parties, including Wilhelm. Haehn alleged that the horse she was riding was frightened when a truck's tailgate was slammed onto the ground. This resulted in the horse throwing her to the ground and her consequent injuries. Haehn alleged that Wilhelm was involved with construction work taking place at the casino, and that Wilhelm's negligence was a proximate cause of her injuries.

Wilhelm filed a motion for summary judgment on December 4, 2012. On May 8, 2013, a hearing was conducted on Wilhelm's motion. During the hearing, evidentiary matters brought before the trial court revealed that there was no basis for Haehn to continue the action as to Wilhelm. On May 13, 2013, and again on May 22, 2013, counsel for Wilhelm warned counsel for Haehn that Wilhelm would seek an order to compel Haehn to pay attorney fees if she did not voluntarily dismiss Wilhelm from the litigation.

Also at the May 8, 2013, hearing, the trial court judge, the Honorable Charles O'Connor, stated that he believed he faced a conflict of interest in continuing to serve as judge in the litigation. On May 20, 2013, Haehn filed an unopposed motion seeking Judge O'Connor's disqualification. On May 21, 2013, Judge O'Connor disqualified himself from the case. On June 19, 2013, the Honorable Jack A. Tandy was qualified as Special Judge in the case.

On September 24, 2013, the trial court conducted a hearing on Wilhelm's motion for summary judgment. On October 11, 2013, the trial court entered summary judgment for Wilhelm, and further certified the order as a final judgment.[1]

On November 27, 2013, Wilhelm filed a motion for costs and fees, arguing that Haehn's failure to voluntarily dismiss Wilhelm from the litigation amounted to maintaining a frivolous action, see Ind. Code § 34-52-1-1 et seq., and that Haehn was obligated to pay additional attorney fees under the Qualified Settlement Offer Statute. See I.C. § 34-50-1-1 et seq.

On January 29, 2014, the trial court conducted a hearing on Wilhelm's motion for costs and fees. On February 3, 2014, the court entered an order in which it found that Haehn should have known on May 8, 2013 that her action against Wilhelm was without merit. The court found that Haehn should have voluntarily dismissed Wilhelm from the litigation at that time, but she did not do so despite two warnings from counsel for Wilhelm that the companies would seek attorney fees if she did not dismiss Wilhelm from the case. The trial court rejected Wilhelm's proffered amount of attorney fees associated with Haehn's maintaining the action against Wilhelm. Instead, the court ordered Wilhelm to provide an itemized submission of time expended by counsel, starting after the May 8, 2013 hearing.[2]

---

[1] On December 13, 2013, Wilhelm filed a motion purportedly seeking that the trial court amend the October 11, 2013 summary judgment order to issue it as a final judgment. The trial court granted the motion on December 16, 2013. This order is duplicative of the October 11, 2013 summary judgment order, which had already certified the judgment as final.

[2] The trial court also ordered Haehn to pay $1,000 in attorney fees under the Qualified Settlement Offer Statute; Haehn challenges that ruling in a separate appeal before this Court.

On February 14, 2014, Haehn filed a motion requesting that the trial court reconsider its order of February 3, 2014; the court denied this motion on February 26, 2014.

Wilhelm submitted two affidavits for its attorneys' time; the second of these reflected additional time spent responding to Haehn's motion to reconsider the February 3, 2014 order. Counsel for Haehn advised the court that Haehn would file objections to Wilhelm's affidavits.

On March 3, 2014, before Haehn filed her objections, the court ordered Haehn to pay $12,919.50 to Wilhelm, representing attorney fees associated with defending the litigation after May 8, 2013. The court also reaffirmed its order to pay $1,000 associated with the Qualified Settlement Offer Statute.

On March 31, 2014, Haehn filed a motion to correct error, which the trial court denied on April 11, 2014.

This appeal ensued.

**Discussion and Decision**

Standard of Review

Haehn appeals the trial court's denial of her motion to correct error, which in turn challenged the trial court's order setting attorney fees associated with Haehn's continuation of the litigation against Wilhelm after the May 8, 2013 summary judgment hearing. We review a trial court's decision on a motion to correct error for abuse of discretion, which occurs when the trial court's decision is contrary to the logical inferences arising from the

5

facts and circumstances before it, or when the court errs on a matter of law. Paragon Family Restaurant v. Bartolini, 799 N.E.2d 1048, 1055 (Ind. 2003).

A trial court's decision to award attorney fees under the General Recovery Rule Statute, I.C. § 34-52-1-1 et seq., is subject to a multiple-level review. Dunno v. Rasmussen, 980 N.E.2d 846, 851 (Ind. Ct. App. 2012). We review the trial court's findings of fact for clear error, and review de novo the court's legal conclusions as to whether a claim was frivolous, unreasonable, or groundless. Id. The decision to award attorney fees and the amount of attorney fees awarded are reviewed for an abuse of discretion. Id.

As this court has noted,

"What constitutes reasonable attorney fees is a matter largely within the trial court's discretion." Franklin College v. Turner, 844 N.E.2d 99, 105 (Ind. Ct. App. 2006). In determining whether a fee is reasonable, the trial court may consider such factors as the time, labor, and skill required to perform the legal service, the amount involved and the results obtained, the experience, reputation, and ability of the lawyer, and the fee customarily charged in the locality for similar legal services. Nunn Law Office v. Rosenthal, 905 N.E.2d 513 (Ind. Ct. App. 2009). Finally, "[t]he trial judge is considered to be an expert on the question and may judicially know what constitutes a reasonable attorney's fee." Rand v. City of Gary, 834 N.E.2d 721, 723 (Ind. Ct. App. 2005) (citing Glover v. Torrence, 723 N.E.2d 924, 938 (Ind. Ct. App. 2000)), trans. denied.

Longest ex rel. Longest v. Sledge, 992 N.E.2d 221, 231 (Ind. Ct. App. 2013), trans. denied.

Here, Haehn does not challenge the trial court's finding that her maintenance of her claims against Wilhelm was frivolous after May 8, 2013. Nor does she challenge the trial court's decision to assess attorney fees. Rather, she identifies as an abuse of discretion the trial court's determination of the total amount of fees, and directs her arguments toward

6

reducing the overall amount of fees for which she is liable. We address each contention in turn.

Motion to Reconsider

Haehn first argues that she should not have been sanctioned for filing her motion to reconsider the court's order of February 3, 2014. Haehn argues that "Wilhelm should not have been awarded $2,004.00 merely because [she] filed a Motion to Reconsider and Wilhelm responded" and observes that the trial court appears not to have reviewed Wilhelm's response to the motion. (Appellant's Br. at 6.) Haehn contends that because the motion to reconsider "was not frivolous, unreasonable, or a groundless misuse of the judicial process," she should not be required to pay attorney fees associated with Wilhelm's response to the motion to reconsider. (Appellant's Br. at 6.)

Haehn contends that Wilhelm submitted two affidavits for attorney fees, itemizing total charges of $15,124.50. The first affidavit, submitted on February 14, 2014 in response to the trial court's order of February 3, 2013, lists total fees of $13,120.50; a second affidavit apparently set forth fees of $2,004. Exclusive of the attorney fees award made under the Qualified Settlement Offer Statute, the trial court awarded Wilhelm attorney fees totaling $12,919.50—less than the $13,120.50 set forth in Wilhelm's first affidavit, let alone the total amount of $15,124.50.

That is, Haehn was ordered to pay a smaller amount in fees than what Wilhelm requested *before* the motion to reconsider, and the trial court's order reflects no consideration of Wilhelm's second affidavit. We cannot conclude, then, that Haehn was in fact ordered to

7

pay for any portion of the fees Wilhelm sought that were associated with a response to the motion to reconsider. We accordingly find no abuse of discretion in this regard.

Disqualification of Judge O'Connor

We turn to Haehn's contention that the trial court should not have awarded $799.00 in fees associated with counsel for Wilhelm's work related to Judge O'Connor's disqualification as trial judge in this case. Haehn argues that the matters related to Judge O'Connor's disqualification were a "procedural tangent" and "wholly detached" from the merits of the case, and thus she should not have to pay attorney fees associated with Wilhelm's counsel's work on that facet of the case. (Appellant's Br. at 7.)

Our review of the record shows that the trial court concluded that Haehn should have known on May 8, 2013 that continuing the action against Wilhelm was frivolous. Counsel for Wilhelm twice, on May 13 and May 22, 2013, warned Haehn of the defendants' intent to seek attorney fees if Haehn did not voluntarily dismiss the Wilhelm companies from the case. See R.L. Turner, Corp. v. Town of Brownsburg, 963 N.E.2d 453, 460 (Ind. 2012) (affirming an award of attorney fees where appellant complained the award was untimely). Haehn nevertheless did not dismiss Wilhelm at any point in the litigation, waiting instead until the trial court entered summary judgment in Wilhelm's favor after five months and a second summary judgment hearing.

In essence, Haehn asks that we reweigh evidence. We decline to do so, and accordingly find no abuse of discretion as to attorney fees related to the costs incurred by Wilhelm associated with the matter of Judge O'Connor's disqualification.

8

Reasonableness of Fees

Haehn next contends that the trial court "summarily approved Wilhelm's counsel's affidavits without any analysis whatsoever as to their reasonableness or veracity." (Appellant's Br. at 8.) Haehn contends the trial court's acceptance of Wilhelm's proffered evidence concerning its fees was accepted "uncritically." (Appellant's Br. at 8.)

As we noted above, it is a long-established principle that the trial judge is considered to be an expert on the question of what constitutes reasonable attorney fees. Longest, 992 N.E.2d at 231. Haehn's decision not to dismiss Wilhelm from the case caused the defendants to re-litigate a summary judgment motion. Further, the trial court did not, contrary to Haehn's assertions, simply accept as correct Wilhelm's claimed fees. As we already noted above, the trial court apparently excluded from the payable amount the $2,004.00 in fees Wilhelm claimed it incurred responding to Haehn's motion to reconsider. The trial court also did not award the entire $13,120.50 in fees Wilhelm claimed before preparing a response to the motion to reconsider.

Moreover, we note that the trial court rejected Wilhelm's initial request for fees totaling in excess of $30,000. And to the extent Haehn directs our attention to the affidavit of her expert, Mark Metzger ("Metzger"), and Metzger's contentions concerning the reasonableness of Wilhelm's claimed fees, we again decline Haehn's request that we reweigh evidence.

The trial court set an attorney fees award that was within the scope of the evidence provided to it after Haehn's decision not to dismiss her claims against Wilhelm caused

9

Wilhelm to re-litigate a summary judgment motion. We decline to disturb the trial court's decision on the reasonableness of the fees awarded.

Claimed Fictitious Events

Finally, Haehn contends that certain events for which Wilhelm requested attorney fees did not occur, and that the trial court erred when it did not reduce the attorney fee award in light of Haehn's counsel's submission of an affidavit to this effect in support of Haehn's motion to correct error.

The affidavit in question avers:

> 3. That on May 29, 2013, I personally did not attend nor participate in any telephone conference with any individual by the name of Thomas S. Bowman.
>
> 4. That on May 30, 2013, I personally did not attend nor participate in any telephone conference with any individual by the name of Thomas S. Bowman.
>
> 5. That on September 24, 2013, I personally did not attend nor participate in any "associated meeting" with Brian C. Potts regarding this matter.

(Appellant's App'x at 85.)

The disputed time entries of counsel for Wilhelm totals 2.3 hours. 1.9 of these hours come on September 24, 2013, during which Wilhelm's counsel's itemized record states "Attendance at hearing re: all pending Motions for Summary Judgment and Motion to Strike, and attendance at associated meeting with opposing counsel and counsel for co-defendant." (Appellant's App'x at 34.) Haehn's counsel's affidavit does not contend that the hearing

10

never occurred; nor does it contend that no phone calls occurred on May 29 and May 30, 2013.

Again, Haehn's argument amounts to a request that we reweigh evidence; and again, we decline to do so.

Appellate Attorney Fees

Having concluded that the trial court did not abuse its discretion in determining the amount of attorney fees Haehn owes to Wilhelm, we turn now to Wilhelm's request for appellate attorney fees.

Our Appellate Rules provide:

The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution.

Ind. Appellate Rule 66(E). Our discretion to award such fees is limited. Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). We may award fees only where "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Id. Moreover, "we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right of appeal." Id.

Attorney fees awards on appeal are categorized as either substantive or procedural claims of bad faith. Id. A substantive claim of bad faith is established when the party seeking fees shows "that the appellant's contentions and arguments are utterly devoid of all plausibility." Id. Procedural bad faith "occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant

11

facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court." Id. at 346-47. This need not amount to conduct that is "'deliberate or by design.'" Id. (quoting Boczar v. Meridian Street Found., 749 N.E.2d 87, 95 (Ind. Ct. App. 2001)).

We find no substantive bad faith here. Haehn's appeal challenges discretionary determinations by the trial court as to certain portions of Wilhelm's claimed attorney fees. While Haehn has not succeeded on the merits of her appeal, her claims are not so far beyond the bounds of reasonable argument as to be substantively "devoid of all plausibility." Id. at 346. Nor do we find procedural bad faith; though Haehn's briefs only sparsely cite applicable law, there are regular citations to the record, and none of this impeded the Court's review.

We accordingly deny Wilhelm's request for appellate attorney fees.

**Conclusion**

The trial court did not abuse its discretion in its determination of the amount of attorney fees Haehn owed as a result of her decision not to voluntarily dismiss Wilhelm from the litigation. We deny Wilhelm's request for appellate attorney fees.

Affirmed.

NAJAM, J., and PYLE, J., concur.