## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Charles Sweeney
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles E. Sweeney,

*Appellant,*

v.

The Honorable Nancy H. Vaidik,

*Appellee.*

December 23, 2015

Court of Appeals Cause No.
77A01-1509-MI-1556

Appeal from the Sullivan Circuit Court

The Honorable Robert E. Hunley, Judge
Robert E. Springer, Magistrate

Trial Court Cause No.
77C01-1508-MI-427

**Barnes, Judge.**

# Case Summary

Charles E. Sweeney appeals the trial court's dismissal of his complaint against the Honorable Nancy H. Vaidik, Chief Judge of the Indiana Court of Appeals. We affirm.

# Issues

Sweeney raises several issues. We address two of the issues, which we restate as:

> I. whether the trial court properly dismissed Sweeney's complaint; and
>
> II. whether the trial court properly denied Sweeney's motion to correct error.

# Facts

In 1995, Sweeney was convicted of murder and sentenced to sixty years in the Indiana Department of Correction. *Sweeney v. State*, 704 N.E.2d 86, 93 (Ind. 1998), *cert denied*. Our supreme court affirmed his conviction and sentence. *Id.* at 112. Sweeney then unsuccessfully sought habeas corpus relief. *Sweeney v. Carter*, 361 F.3d 327 (7th Cir. 2004), *reh. and reh. en banc denied, cert. denied*. Sweeney then sought post-conviction relief, which the post-conviction court denied. A panel of this court that included Judge Bailey, Judge May, and Judge Bradford affirmed the denial of his petition for post-conviction relief. *Sweeney v. State*, 886 N.E.2d 1 (Ind. Ct. App. 2008), *trans. denied, cert. denied*.

[4] In August 2015, Sweeney filed a 42 U.S.C. § 1983 civil complaint against Chief Judge Vaidik.[1] Sweeney alleged that the appeal of the denial of his petition for post-conviction relief was incorrectly decided. According to Sweeney,

> The Court of Appeals [sic] inexplicable failure to recognize decades of Indiana Supreme Court precedent holding that the Article I Section 13 right to be heard by (competent) counsel attaches when a suspect is arrested and before the filing of formal charges violates the right to due process and equal protection of law as guaranteed by the Fourteenth Amendment of the U.S. Constitution and the Indiana Article I Section 12 right to due course of law.

Appellant's App. p. 12.

[5] On August 27, 2015, Chief Judge Vaidik filed a motion to dismiss with prejudice because "the claims are barred by collateral estoppel, are contrary to public policy and Plaintiff has failed to state a claim against Defendant." Appellee's App. p. 6. Chief Judge Vaidik argued, in part, that Sweeney was attempting to relitigate his petition for post-conviction relief and that she did not participate in the decision at issue. On September 1, 2015, the trial court dismissed Sweeney's complaint with prejudice. Sweeney then filed a motion to correct error, which the trial court also denied. Sweeney now appeals.

---

[1] Sweeney identified the defendant in the complaint as "Hon. Nancy H. Vaidik, Chief Judge of the Indiana Court of Appeals*, et al.*" Appellant's App. p. 5 (emphasis added). Although Sweeney apparently mailed a copy of the complaint and various other pleading to other judges on this court, he has not named anyone other than Chief Judge Vaidik as a defendant.

# Analysis

## *I. Motion to Dismiss*

Chief Judge Vaidik's motion to dismiss was based on Indiana Trial Rule 12(B)(6). A Trial Rule 12(B)(6) motion to dismiss challenges the legal sufficiency of a complaint. *Meyers v. Meyers*, 861 N.E .2d 704, 705-06 (Ind. 2007). "Our review of a trial court's grant or denial of a motion to dismiss based on Trial Rule 12(B)(6) is de novo." *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 308 (Ind. 2012). Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief. *Id.*

Sweeney's only argument[2] on appeal is that the motion to dismiss should have been construed as a motion for summary judgment pursuant to Indiana Trial Rule 12(B), which provides:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In

---

[2] Sweeney does not address the merits of the motion to dismiss or basis of the trial court's grant of the motion to dismiss. Consequently, we do not address these issues. Sweeney does summarily contend that he is not collaterally challenging the denial of his petition for post-conviction relief. To the extent this could be considered a challenge to the merits of the motion to dismiss, it is waived for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8). The majority of Sweeney's appellant's brief addresses the claims presented in his complaint, which we also need not address.

such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

According to Sweeney, the trial court considered matters outside the pleadings and should have allowed him thirty days to file a response to the motion. Our review of the motion to dismiss does not reveal any matters outside of the pleadings that were presented to or considered by the trial court. Sweeney does not specifically identify any such matters or evidence. As such, the trial court properly did not convert the motion into a motion for summary judgment.

[8] The Indiana Trial Rules do not require the trial court to wait for Sweeney to file a response before granting the motion to dismiss. *See Higgason v. State*, 789 N.E.2d 22, 29 (Ind. Ct. App. 2003) ("Because the trial court did not have to wait for a response from Higgason, the trial court did not err when it ruled on Defendants' motion thirteen days after it was filed."); *see also* Ind. Trial Rule 6(C). Consequently, the trial court did not err by granting the motion to dismiss before Sweeney responded.

## II. Motion to Correct Error

[9] Sweeney next argues that the trial court erred by denying his motion to correct error. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable

inferences therefrom. *Dunno v. Rasmussen*, 980 N.E.2d 846, 849 (Ind. Ct. App. 2012).

[10] Sweeney argued in his motion that he had not received a service copy of the motion to dismiss and was not afforded "his right (15 days) to Reply." Appellant's App. p. 16. On appeal, he argues that the trial court should have granted the motion to correct error because he was not served with a copy of the motion to dismiss. He argues that the "trial court should have ordered Counsel to serve Appellant and afforded him an opportunity to reply." Appellant's Br. p. 12. Chief Judge Vaidik responds that the certificates of service of the motion to dismiss and related documents indicate that Sweeney was, in fact, served with the documents.

[11] Even if Sweeney did not receive the documents, the trial court was not required to give Sweeney an opportunity to respond prior to ruling on the motion. *See Higgason*, 789 N.E.2d at 29. Sweeney has failed to demonstrate any error in the trial court's grant of the motion to dismiss. Consequently, even if he did not receive the documents in a timely manner, he has failed to demonstrate any prejudice. The trial court did not err by denying the motion to correct error.

## Conclusion

[12] The trial court properly granted the motion to dismiss and properly denied the motion to correct error. We affirm.

[13] Affirmed.

Robb, J., and Altice, J., concur.