## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2016, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Mark K. Phillips
Phillips Law, P.C.
Boonville, Indiana

ATTORNEYS FOR APPELLEES

Max E. Fiester
Bradley J. Salmon
Terrell, Baugh, Salmon & Born, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Connie Duty, Coleen Grayson, and Frank Riffert,<br><br>*Appellants/Plaintiffs/Cross-Appellees,*<br><br>v.<br><br>The Estate of Hazel A. Geiselman, Deceased; Jane Ann Hamby, Individually; Jane Ann Hamby, as Personal Representative of the Estate of Hazel A. Geiselman; and Jane Ann Hamby, as Trustee of the Hazel A. Geiselman Revocable Declaration of Trust Agreement, | June 28, 2016<br><br>Court of Appeals Case No. 87A01-1510-TR-1815<br><br>Appeal from the Warrick Circuit Court<br><br>The Honorable Greg A. Granger, Judge<br><br>Trial Court Cause No. 87C01-1404-TR-48 |

*Appellees/Defendants/Cross-*

*Appellants.*

**Bradford, Judge.**

# Case Summary

[1]     Appellants/Plaintiffs/Cross-Appellees Connie Duty, Coleen Grayson, and Frank Riffert (collectively, "Appellants") appeal the trial court's award of summary judgment in favor of Appellees/Defendants/Cross-Appellants the Estate of Hazel A. Geiselman (the "Estate") and Jane Ann Hamby, individually and in her position as personal representative of the Estate (collectively, "Appellees"). Appellees argue on cross-appeal that the trial court erred in denying Hamby summary judgment in her additional position as trustee of the Hazel A. Geiselman Revocable Declaration of Trust Agreement ("the Trust"). Concluding that the trial court's award of summary judgment in favor of the Estate and Hamby, individually and in her position as personal representative of the Estate, was proper but that Hamby was also entitled to summary judgment in her additional position as trustee of the Trust, we affirm

in part, reverse in part, and remand to the trial court with instructions to enter summary judgment in favor of Hamby in her position as trustee of the Trust.

# Facts and Procedural History

[2] Hazel Geiselman ("Decedent") executed the Trust on September 5, 2002. Pursuant to the terms of the Decedent's will and the terms of the Trust, the assets of Decedent's Estate were to be distributed according to the terms of the Trust. Appellants are three of Decedent's nieces and nephews and are listed among the beneficiaries of the Trust. Since executing the Trust in 2002, Decedent has amended the Trust on numerous occasions. On April 29, 2013, Decedent amended the Trust documents to change each of the Appellants' interests in the Trust from a 1/9 percentage to a flat $10,000.

[3] Decedent died on July 24, 2013. After Decedent's death, Appellants filed the underlying lawsuit challenging the validity of Decedent's April 29, 2013 amendment to the Trust documents. Appellees subsequently filed a motion for summary judgment, arguing that no issues of material facts remained and that they were entitled to judgment as a matter of law. Appellees also filed designated evidence in support of their motion for summary judgment. Appellants failed to timely respond to Appellees' motion for summary judgment.

[4] After failing to timely respond to Appellees' motion for summary judgment, Appellants filed a motion for emergency relief, blaming their failure to file a

timely response to Appellees' motion for summary judgment on a medical emergency suffered by a paralegal who worked in their counsel's office. Appellants asserted that due to the paralegal's medical emergency, they should be permitted permission to belatedly file their response to Appellees' motion for summary judgment.[1] The trial court subsequently denied Appellants' request for emergency relief and for permission to file a belated response to Appellees' motion for summary judgment.

[5] On July 17, 2015, the trial court issued an order granting summary judgment in favor of the Estate and Hamby, individually and in her position as personal representative of the Estate. The trial court denied summary judgment for Hamby in her position as trustee for the Trust. Appellants then filed a motion to correct error. Appellants' motion to correct error was subsequently denied. This appeal follows.

# Discussion and Decision

[6] Initially, we note that Appellants tendered a defective Appendix. Appellants were notified of the defect contained within their Appendix and of the steps necessary to cure said defect. Appellants, however, have failed to take those steps. Thus, consistent with the warning given to Appellants in the notice of defect issued by the Clerk of this court, Appellants' Appendix has been marked

---

[1] At some point, Appellants also filed a motion to consolidate any challenges to the Estate with their challenge to the administration of the Trust. This motion was denied by the trial court.

as "received" rather than "filed." We will therefore not consider any information contained in Appellants' Appendix in our review of the instant appeal.

# I. Appellants' Motions to Consolidate and for Emergency Relief

Appellants contend that the trial court abused its discretion in denying their motions to consolidate and for emergency relief. For their part, Appellees contend that the propriety of these motions is not properly before this court on appeal. We agree with Appellees.

Indiana Appellate Rule 9(F) provides that the notice of appeal filed by the appealing party *shall* include the following:

> (3) *Designation of Appealed Order or Judgment.*
> (a) The date and title of the judgment or order appealed;
> (b) The date on which any Motion to Correct Error was denied or deemed denied, if applicable;
> (c) The basis for appellate jurisdiction, delineating whether the appeal is from a Final Judgment, as defined by Rule 2(H); an interlocutory order appealed as of right pursuant to Rule 14(A) or 14(D); an interlocutory order accepted for discretionary appeal pursuant to Rule 14(B) or 14(C); or an expedited appeal pursuant to Rule 14.1; and
> (d) A designation of the court to which the appeal is taken.

(Emphasis in original).

[9] In the instant matter, the Appellants' Amended Notice of Appeal specifically indicated that Appellants were appealing from the "ENTRY OF SUMMARY JUDGMENT." Amended Notice of Appeal, p. 2. The Amended Notice of Appeal further indicated that their Motion to Correct Error had been deemed denied after the trial court failed to rule upon the motion within forty-five days. The Amended Notice of Appeal did not contain any reference to the trial court's orders denying their motion to consolidate or their motion for emergency relief.

[10] Furthermore, Appellants' motions to consolidate and for emergency relief were denied prior to the entry of summary judgment and did not constitute final orders. As such, the trial court's rulings on these motions should have been challenged, if certified,[2] in an interlocutory appeal. Appellants did not request, much less receive, certification of these orders for interlocutory appeal from the trial court and this court did not accept jurisdiction of an interlocutory appeal of the trial court's rulings relating to Appellants' motions to consolidate or for emergency relief.

[11] Given that Appellants failed to either list the trial court's orders relating to their motions to consolidate and for emergency relief in the Amended Notice of

---

[2] The trial court's orders on Appellants' motions to consolidate and for emergency relief did not qualify as an order to which one is entitled to an interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A). *See* Ind. Appellate Rule 14(A). Appellants, therefore, could only have brought an interlocutory appeal from these orders if the trial court certified the orders for interlocutory appeal and this court accepted jurisdiction over the requested appeal. *See* Ind. Appellate Rule 14(B).

Appeal and their failure to seek interlocutory appeal from these orders, we conclude that the trial court's orders relating to Appellants' motions to consolidate and for emergency relief are not properly before this court on appeal. As such, we will not review the propriety of these rulings in our resolution of the instant appeal.

# II. Award of Summary Judgment

Appellants next contend that the trial court erred in granting summary judgment in favor of the Estate and Hamby, in her positon as personal representative of the Estate.

## A. Standard of Review

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. *Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 887 (Ind. Ct. App. 2002).

> "On appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We therefore must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. A genuine issue of material fact exists where facts concerning an issue, which would dispose of the litigation are in dispute, or where the undisputed material facts are capable of

supporting conflicting inferences on such an issue. If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo."

*Clary v. Lite Machines Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006) (quoting

*Bd. of Tr. of Ball State Univ. v. Strain*, 771 N.E.2d 78, 81-82 (Ind. Ct. App. 2002)

(internal quotation marks and some citations omitted)).

[14]     A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind. Ct. App. 1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.*

*Heritage Dev.*, 773 N.E.2d at 888. "On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity." *Van Kirk v. Miller*, 869 N.E.2d 534, 540 (Ind. Ct. App. 2007), *trans. denied*. However, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather may affirm the trial court's ruling if it is sustainable on any theory found in the evidence designated to the trial court. *See Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263, 267 (Ind. 2014) (citing *Wagner v. Yates*, 912 N.E.2d 805, 811 (Ind. 2009)).

# B. Analysis

[15] In arguing that the trial court erred in granting summary judgment in favor of Appellees, Appellants claim that they are "unsure why the trial court elected to strike their Response in Opposition to Summary Judgment and Designation of Evidence." Appellants' Br. p. 15. The record, however, is clear. Appellants' response and designation of evidence was stricken from the record because it was not timely filed. In making this claim with respect to the trial court's summary judgment order, Appellants merely re-assert their above-discussed claim that the trial court abused its discretion in denying their motion for emergency relief. For the reasons stated above, we disagree.

[16] Further, Appellants claim that their "attempts to bring their issues before the trial court were blocked at every turn, requiring the filing of numerous pleadings, which, rather than simplify the issues, made them more confusing." Appellants' Br. p. 19. Review of the record, however, demonstrates that despite Appellants' claim to the contrary, the trial court did not act in a manner so as to "block" their attempts to present their case before the court. In fact, nothing other than their own failure to comply with the Indiana Rules of Trial Procedure and to timely respond to Appellees' motion for summary judgment has negatively impacted their ability to present their position to the trial court.

[17] Appellants argue that summary judgment was inappropriate because issues of material fact remain as to whether (1) the Decedent was of sound mind when she amended the Trust documents on April 29, 2013, (2) Hamby asserted undue influence over the Decedent, or (3) the Decedent amended the Trust

documents as a result of duress or fraud. Review of the evidence properly designated before the trial court reveals that nothing in the designated evidence suggests that, much less creates an issue of material fact as to whether, Hamby asserted undue influence over the Decedent or that Decedent amended the Trust documents because of duress or fraud.

[18] With respect to whether the Decedent was of sound mind when she amended the Trust documents on April 29, 2013, Appellants argue that summary judgment was inappropriate because medical records relating to treatment Decedent received between April 16 and April 22, 2013, indicated that Decedent's "comprehension [was] uncertain as she appear[ed] to be confused at times." Appellants' Reply Br. p. 3. However, medical records relating to additional medical treatment Decedent received on April 29, 2013, made no mention of any "confusion" and indicated that, at the time she received medical treatment, Decedent was alert and exhibited normal speech and neurological function. The April 29, 2013 medical records further indicated that during the course of her treatment, Decedent did not suffer from any communication barrier and was found to be capable of giving her own consent for medical treatment and signing a form acknowledging receipt of discharge instructions.

[19] The fact that Decedent may have exhibited some confusion in the days preceding April 29, 2013, without more, falls short of creating an issue of material fact as to whether Decedent was of sound mind when she amended the Trust documents on April 29, 2013. Appellants' have failed to designate any evidence suggesting that the Decedent's alleged confusion while receiving

medical care in the days preceding April 29, 2013, was lasting or significant enough to render the Decedent of unsound mind on April 29, 2013. Rather, their claim that the Decedent was of unsound mind when she amended the Trust documents relies upon speculation, which is insufficient to create a material issue of fact. *See Beatty v. LaFountaine*, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008) (providing that mere speculation cannot create questions of fact), *trans. denied*. Appellants' reliance on speculation seems especially insufficient in the instant matter given the fact that on the same day that Decedent executed the challenged amendments to the Trust documents, the Decedent was found to be mentally capable of giving her own consent for medical treatment and signing a form acknowledging receipt of discharge instructions, a fact which suggests that the medical personnel found Decedent to be of sound mind when they treated her on April 29, 2013. In light of the evidence properly designated before the trial court, we conclude that the trial court's award of summary judgment in favor of the Estate and Hamby, individually and in her role as personal representative of the Estate, was proper.

## III. Denial of Appellants' Motion to Correct Error

Appellants' last contend that the trial court abused its discretion in denying their motion to correct error. "In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion." *City of Indpls. v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010) (citing *Hawkins v. Cannon,* 826 N.E.2d 658, 661 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and

circumstances before the court, including any reasonable inferences therefrom. *Dunno v. Rasmussen*, 980 N.E.2d 846, 849 (Ind. Ct. App. 2012).

[21] We note that given Appellants' failure to correct the defect in their tendered Appendix, we are unable to review the propriety of the trial court's denial of Appellants' motion as neither Appellants' motion nor any order or docket entry made by the trial court is in the record before us on review. The record that was properly filed before this court is devoid of any indication that the trial court's order was clearly against the logic and effect of the facts and circumstances before the trial court. As such, we conclude that Appellants have failed to establish that the trial court abused its discretion by denying their motion to correct error.

## IV. Cross-Appeal Issue Raised by Appellees

[22] Appellees contend on cross-appeal that the trial court erred by failing to award summary judgment to Hamby in her position as trustee of the Trust. The trial court's order on summary judgment gives no indication why it did not award summary judgment to Hamby in her position as trustee of the Trust. As we concluded above, no issue of material fact remains as to whether (1) the Decedent was of sound mind when she amended the Trust documents on April 29, 2013, (2) Hamby asserted undue influence over the Decedent, or (3) the Decedent acted under duress or fraud when she last amended the Trust documents. Given these conclusions coupled with the fact that the trial court failed to explain why summary judgment was appropriate for Hamby in her

position as personal representative of the Estate but not in her position as trustee of the Trust, we conclude that Hamby, in her position as trustee of the Trust, is entitled to summary judgment.

## Conclusion

[23] In sum, we conclude that the trial court properly granted summary judgment in favor of the Estate and to Hamby individually and in her position as personal representative of the Estate. We also conclude that summary judgment should have been awarded to Hamby in her position as trustee of the Trust. As such, we affirm in part, reverse in part, and remand to the trial court with the instructions to enter summary judgment in favor of Hamby in her position as trustee of the Trust.

[24] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

Bailey, J., and Altice, J., concur.