**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 10 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KWANG MOO YI**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**STEVEN C. EARNHART**
**JAMES A. CARTER**
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KWANG MOO YI,                               )
                                            )
    Appellant-Defendant,                    )
                                            )
        vs.                                 )    No.  49A05-1405-MI-233
                                            )
DEER CREEK HOMEOWNERS                        )
ASSOCIATION, INC.,                           )
                                            )
    Appellee-Plaintiff.                      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1312-MI-44640

**November 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Kwang Moo Yi appeals the trial court's grant of a preliminary injunction ordering him to disassemble and remove a rain barrel and plumbing system from his property. Finding that the trial court did not err in granting the preliminary injunction, we affirm and remand for further proceedings.

## FACTS

Yi owns a home in the Deer Creek Subdivision in Indianapolis. In the spring of 2013, Yi began to install a rainwater collection system (the System) consisting of rain barrels and drainage pipes on multiple sides of his home. In August 2013, the Deer Creek Homeowner's Association (the Association) sent Yi a letter alleging that he was in violation of a restrictive covenant requiring that any additional structures be preapproved by an architectural committee. As Yi had neither sought nor received this approval, the letter requested that he remove the System. Yi did not respond to the letter and did not remove the System.

The Association sent Yi two more letters in September and October, which Yi disregarded. On December 13, 2013, the Association filed a complaint along with a motion for preliminary injunction, seeking to enjoin Yi from maintaining the System. The trial court held a hearing on the motion for preliminary injunction on April 21, 2014, and granted the motion on May 2, 2014. Yi now appeals.

## DISCUSSION AND DECISION

The decision whether to grant or deny a preliminary injunction is within the discretion of the trial court and we will not reverse the trial court's decision absent an

abuse of discretion. <u>Smith v. Ind. Dept. of Correction</u>, 861 N.E.2d 1271, 1273 (Ind. Ct. App. 2007). "A preliminary injunction is a remedy that is generally used to preserve the status quo as it existed prior to a controversy pending a full determination on the merits of that controversy." <u>U.S. Land Servs., Inc. v. U.S. Surveyor, Inc.</u>, 826 N.E.2d 49, 67 (Ind. Ct. App. 2005). Preliminary and permanent injunctions serve different purposes and may have different scopes. <u>Id.</u> at 66-67. Following the issuance of a preliminary injunction, parties can adjudicate the facts of a controversy in greater detail during a hearing for a permanent injunction. <u>Id.</u> at 67. A trial court may grant a preliminary injunction and, upon further consideration, dissolve it and refuse to issue a permanent injunction. <u>Id.</u>

In determining whether to grant or deny a preliminary injunction, the trial court considers (1) whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue, (2) whether the plaintiff has demonstrated a reasonable likelihood of success at trial, (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant, and (4) whether a grant of the injunction would disserve the public interest. <u>Barlow v. Sipes</u>, 744 N.E.2d 1, 5 (Ind. Ct. App. 2001). Here, after applying these factors to the case at hand, the trial court determined that a preliminary injunction should issue.

Initially, we note that Yi has not taken issue with the trial court's findings in regard to most of these factors.[1] Clearly, failure to argue an issue in a brief amounts to a waiver of that issue, Jackson v. Russell, 533 N.E.2d 153, 157 (Ind. Ct. App. 1989), as does failure to make an argument cogently and with citation to authority. Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003); Ind. Appellate Rule 46(A)(8)(a). This Court will not become an advocate for a party. Thacker, 797 N.E.2d at 345.

Yi's waiver notwithstanding, we find that the trial court did not err in issuing the preliminary injunction. The restrictive covenant at issue states:

> Architectural Control. No building, wall or other structure, except original construction of buildings by or on behalf of Declarant or an original builder shall be commenced, erected or maintained upon the Properties, nor shall any exterior addition to or change or alteration therein . . . be made until the plans and specifications showing the nature, kind, shape, height, materials, and location of the same shall have been submitted to and approved in writing as to harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association[.]

Appellant's App. p. 29-30.

Initially, the trial court found that the Association's remedies at law were inadequate and Yi's violation of the covenant was causing irreparable harm. We note that, while this covenant may be intended to serve multiple purposes, one of its purposes appears to be aesthetic. This Court has recognized that "aesthetics are the province of restrictive covenants[.]" Wernke v. Halas, 600 N.E.2d 117, 122 (Ind. Ct. App. 1992).

---

[1] Throughout his brief, Yi makes a wide range of factual and legal assertions that are underdeveloped and difficult to follow. While Yi is pro se, we hold pro se litigants to the same standard as trained legal counsel. Thacker, 797 N.E.2d at 345. We strongly encourage Yi to hire an attorney when proceedings resume.

"Aesthetic values are inherently subjective; if landowners in a given neighborhood or development wish to contract among themselves for the appearance of their homes, the courts stand ready, within well-settled limits, to provide enforcement." Id. Yi's daily violation of the covenant causes irreparable injury that cannot be remedied at law because, each day that the System stands on his property without the approval of the Association, the Association is deprived of the aesthetic benefit of its bargain, and these days cannot be repaid. See Crawley v. Oak Bend Estates Homeowners Ass'n, Inc., 753 N.E.2d 740, 746 (Ind. Ct. App. 2001) (injunction appropriate to prevent continuing violation of restrictive covenant prohibiting RV in driveway).

The trial court next found that the Association demonstrated a reasonable likelihood of success at trial. To establish a reasonable likelihood of success at trial, a party must show a prima facie case on the merits. N. Elec. Co., Inc. v. Torma, 819 N.E.2d 417, 431 (Ind. Ct. App. 2004). Here, the Association was required to show that Yi was in violation of the restrictive covenant.

Restrictive covenants are a form of express contract and we will apply the same rules of construction when interpreting them. Johnson v. Dawson, 856 N.E.2d 769, 772 (Ind. Ct. App. 2006). The intent of the parties must be determined from the plain and ordinary meaning of the language used and from the situation of the parties at the time the covenant was made. Id. at 773. The intent of the parties must be determined from the contract read in its entirety. Id. Restrictive covenants are to be strictly construed, and all doubts are to be resolved in favor of the free use of the property. Id.

5

Here, the trial court found that the language of the contract was clear and unambiguous, prohibiting Yi from making any unapproved "exterior addition" to his home. Appellant's App. p. 10. The contract also prohibits Yi from erecting any "[b]uilding, wall or other structure, except original construction" without the Association's approval. Appellant's App. p. 29. Yi argues that the System at issue here is not a "[b]uilding, wall or other structure" nor is it an "exterior addition" to his home. Appellant's Br. p. 11. Yi argues that this language refers to fixtures—chattels or pieces of personal property that have become part of the real estate due to their attachment thereto, Gill v. Evansville Sheet Metal Works, Inc., 970 N.E.2d 633, 640 (Ind. 2012)—and that the System is not a fixture. However, Yi's contention is supported by neither the terms of the covenant, which does not refer to "fixtures," nor the contract as a whole, which elsewhere prohibits the placement of non-fixtures, such as livestock and inoperative vehicles, on the property. Appellant's App. p. 19.

The covenant, by its terms, prohibits the construction of any "[b]uilding, wall or other structure" as well as any "exterior addition" to the home without the Association's approval. Appellant's App. p. 29 (emphases added). The word "structure" is defined broadly as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together[.]" Black's Law Dictionary 1436 (7th ed. 1999). We acknowledge that this definition is too broad to serve as the proper definition of "structure" in this context—and any definition of "addition" pulled from a dictionary would surely be too broad as well. The terms "structure" and "addition," when read in

6

conjunction with the preceding terms "building" and "wall," necessarily include an element of permanence which is lacking in this definition. In this sense, Yi's conflation of "structure" and "fixture" is understandable. For instance, we do not find that easily portable objects, such as a flower pot or a sprinkler at the end of a hose, fit within the meaning of "structure" or "addition" in this case. This conclusion, however, does not end our analysis.

Here, Yi's System consists of several large white barrels connected to a network of white plastic piping running in different directions along the exterior wall of Yi's home. Some pipes connect to the downspout from Yi's gutters while others disappear behind bushes. The barrels and piping appear on at least three sides of Yi's home and are visible from the street. In short, the System is a fixed assemblage of parts that affects the external design of Yi's home and its harmony with other homes in the subdivision. In light of the Association's concern with "harmony of external design and location in relation to surrounding structures and topography," we can only conclude that the System constitutes a "structure" or "addition" for the purposes of the restrictive covenant. Appellant's App. p. 30. Therefore, the trial court did not err in finding that the Association had demonstrated a reasonable likelihood of success at trial.

Finally, the trial court found that the Association's injury outweighed the potential harm to Yi and that no public interest was disserved by requiring Yi to comply with the covenant. The trial court noted that Yi "cannot claim surprise or an undue burden from following the rules of which he had notice." Appellant's App. p. 10. The trial court also

7

observed that residents of the subdivision "have a collective interest in each Owner abiding by the Declaration" and "[t]he only way to serve the public interest is to uphold the Declaration and provide for its enforcement by enjoining [Yi's] unauthorized alterations." We find no error in the trial court's conclusions on these points and Yi does not argue otherwise.

The judgment of the trial court is affirmed and remanded for further proceedings.[2]

ROBB, J., concurs, and KIRSCH, J., dissents without opinion.

---

[2] Upon remand, the trial court will consider issuance of a permanent injunction as well as an award of attorney fees pursuant to Article XIII of the parties' contract. Appellant's App. p. 6.