Jerry THACKER, Appellant–Plaintiff,

v.

Margaret WENTZEL and Jack Wentzel, Jr., Appellees–Defendants.

No. 82A01–0307–CV–238.

Court of Appeals of Indiana.

Oct. 17, 2003.

Jerry Thacker, Evansville, IN, Appellant pro se.

Kathryn L. Kornblum, VanStone & Kornblum, Evansville, IN, Attorney for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-plaintiff Jerry Thacker appeals from the trial court's order granting summary judgment in favor of appellees-defendants Margaret Wentzel and Jack Wentzel, Jr. (collectively, "the Wentzels"). The Wentzels appeal from the trial court's order denying their petition for attorney fees and further request an award of appellate attorney fees. We affirm and remand.

### Issues

We consolidate and restate the issues on appeal as follows:

I.   Whether Thacker has waived our review of the trial court's order granting summary judgment in favor of the Wentzels;

II.  Whether the trial court properly denied the Wentzels' petition for attorney fees; and,

III. Whether the Wentzels are entitled to recover appellate attorney fees.

### Facts and Procedural History

This case arises from a residential real estate transaction in Evansville, Indiana, wherein Thacker purchased a house from Mary Wentzel on May 3, 2000. On April 29, 2002, Thacker filed his first complaint against the Wentzels alleging breach of contract, fraud, and failure to disclose certain defects in the house. The Wentzels

filed a motion for summary judgment on September 30, 2002. Thacker did not respond to the Wentzels' motion for summary judgment, nor did he file any affidavits or designate any other evidence in opposition to the Wentzels' motion. On March 20, 2003, the trial court entered an order for summary judgment in favor of the Wentzels. This order also stated that the Wentzels were entitled to recover attorney fees and directed them to prepare an itemized statement of fees within thirty days.

On April 17, 2003, Thacker filed a motion to correct error and supporting affidavits. The Wentzels subsequently filed an objection to Thacker's motion to correct error. On May 1, 2003, Thacker filed a motion for relief from judgment and a motion to sanction. On June 2, 2003, the Wentzels filed a general objection to Thacker's motions. On June 3, 2003, the Wentzels filed a petition for attorney fees that contained an itemized statement of fees.

On June 6, 2003, the trial court entered an order denying Thacker's motion to correct error and his motion for relief from judgment. The trial court also denied the Wentzels' petition for attorney fees. Both parties now appeal.

### Discussion and Decision

#### I. Waiver of Summary Judgment Issue on Appeal

■ An appellant who proceeds pro se is "held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind.Ct.App.2003) (quotation marks omitted). While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* The purpose of our appellate rules, especially Indiana Appellate Rule 46, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. *Id.*

■ Indiana Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on...." It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules. *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind.Ct.App.1999). Additionally, ' "[w]e will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.' " *Ramsey*, 789 N.E.2d at 486 (quoting *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind.Ct.App.1985), *trans. denied*).

In the argument section of his brief, Thacker sets forth the applicable standard of review and thereafter baldly asserts that, "Notwithstanding the appellate standard of review, the trial court clearly erred and appellant respectfully submits that as a matter of law, it is entitled to judgment on its complaint, and trial by jury." Appellant's Br. at 7. Thacker's unsupported assertion is too poorly developed to be understood. We may not become an advocate for Thacker. We therefore reluctantly conclude that Thacker has waived his argument on appeal.

## II. Trial Court Denial of Attorney Fees

■ We now turn to the Wentzels' contention that the trial court erred in denying their request for attorney fees. Specifically, the Wentzels argue that in its summary judgment order, the trial court found Thacker's actions had been "frivolous" and "harassing[,]" granted the Wentzels' request for attorney fees, and instructed the Wentzels to submit an itemized statement of fees. Appellees' Br. at 13. They therefore conclude that the trial court abused its discretion in subsequently denying their petition for attorney fees.

■ The award of attorney fees is committed to the sound discretion of the trial court, and we will reverse an award of attorney fees only upon a showing of an abuse of that discretion. *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 59 (Ind.Ct.App.2002), *trans. denied.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993).

The trial court's summary judgment order, dated April 29, 2003, states, in pertinent part, "the actions of . . . [Thacker] in this case are not only frivolous, but harassing, and that the [Wentzels] are entitled to recover, from . . . [Thacker], attorneys' fees. The [Wentzels] are, therefore, *given 30 days to submit an itemized statement of fees.*" Appellees' App. at 123 (emphasis added). The Wentzels filed their petition for fees on June 3, 2003, five days past the trial court's deadline. Based on the foregoing, we cannot conclude that the trial court abused its discretion when it denied the Wentzels' delinquent petition for fees.

## III. Appellate Attorney Fees

■ The Wentzels next assert that they are entitled to appellate attorney fees pursuant to Indiana Appellate Rule 66(E), claiming, among other things, that "[p]ro se litigants are liable for attorney fees when they disregard the rules of procedure in bad faith." Appellees' Br. at 15. We agree.

■ Indiana Appellate Rule 66(E) provides, in pertinent part, "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind.1987). Additionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr., Inc. v. Indiana Family and Social Svcs. Admin.*, 760 N.E.2d 1080, 1087 (Ind.Ct.App.2001), *trans. denied.*

■ Indiana appellate courts have formally categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. *Boczar v. Meridian Street Found.*, 749 N.E.2d 87, 95 (Ind.Ct.App.2001). To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appear-

ing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. *Id.* Finally, we note that even pro se litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith. *Srivastava,* 779 N.E.2d at 61; *see also Watson v. Thibodeau,* 559 N.E.2d 1205, 1211 (Ind.Ct.App.1990) (stating that the court could "cut [the pro se litigants] no slack simply because [they] have no formal legal training.").

Thacker's brief violates many provisions of our appellate rules. Thacker initially violates Indiana Appellate Rule 46(A)(2) by failing to list his table of authorities alphabetically. Thacker also failed to number the pages of his appendix in violation of Indiana Appellate Rule 51(C). This violation substantially impedes our ability to expeditiously consider Thacker's allegations of error by requiring us to search the appendix to find relevant documents, motions, and trial court orders.

Thacker's statement of the case does not comply with Indiana Appellate Rule 46(A)(5). Thacker fails to adequately describe the course of proceedings relevant to the issues presented for our review and the disposition of these issues by the trial court. Thacker also fails to provide us with page references to the appendix. Additionally, rather than limit his comments to a brief description of the relevant proceedings, Thacker includes the following argument:

> The lower court failed to take into account that there were genuine issues in the case at bar, and that the issues should not have been set for summary judgment since the appellant was not able to provide some of the information

till [sic] he filed a law suit regarding necessary evidence in this matter ... that would have changed the courts [sic] opinion....

Appellant's Br. at 1. Thacker's statement of the case is therefore defective. App. R. 46(A)(5); *see also Young v. Butts,* 685 N.E.2d 147, 151 (Ind.Ct.App.1997) (finding appellant's statement of case defective because it contained argument).

Thacker's statement of facts is also inadequate. Indiana Appellate Rule 46(A)(6)(a) and (c) requires that an appellant's statement of facts be in narrative form and supported by page references to the appendix. Thacker omits many relevant facts necessary for our thorough review of the issues raised on appeal. Additionally, his statement of the facts contains subjective argument, including an accusation that the trial court, "went out in left field adjudicating an issue that was not before it ... [and] failed to take into account the damage [Thacker] suffered." Appellant's Br. at 3. Thus, Thacker clearly failed to comply with Appellate Rule 46(A)(6)(a) and (c). *See Parks v. Madison County,* 783 N.E.2d 711, 717 (Ind.Ct.App. 2002) (stating that the statement of facts is to be a narrative statement of facts and is not to be argumentative).

Finally, Indiana Appellate Rule 46(A)(8)(a) requires an appellant's arguments on appeal to be cogent and to be supported with citations to relevant authorities, statutes and pages of the appendix. As discussed previously, Thacker fails to provide us with even one cogent argument or citation to relevant authority to support his claim of error.

Thacker's non-compliance with our appellate rules of procedure is substantial, permeates his entire brief, and precludes our review of his allegation of error on appeal. Keeping in mind our duty to use great restraint when determining that an

award of appellate attorney fees is warranted, we nonetheless find that such an award is appropriate under the facts of this case. *See Catellier v. Depco, Inc.,* 696 N.E.2d 75, 80 (Ind.Ct.App.1998) (finding procedural bad faith where appellant's brief contained many appellate rules violations including argument in the statement of case and statement of facts); *see also Srivastava,* 779 N.E.2d at 61 (finding award of appellate attorney fees appropriate where pro se appellant failed to present cogent arguments and brief was permeated with unsubstantiated accusations). Accordingly, we remand this cause to the trial court with instructions to calculate the amount of appellate attorney fees the Wentzels are entitled to recover.

Affirmed and remanded.

BAKER and SHARPNACK, JJ., concur.