**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2014, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**PHILLIP GRAY**
Westfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILLIP GRAY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1409-MI-614 |
| | ) | |
| THE PALACE et al, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-1108-MI-30450

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Plaintiff Phillip Gray filed suit against Appellee-Defendant The Palace, apparently a restaurant, alleging discrimination on the basis of his gender, race, age, and status as a disabled veteran. Ultimately, default judgment was entered in favor of Gray and against The Palace, and the trial court held a hearing on the issue of damages. The trial court determined that damages were $103,069.58 plus interest. Gray appeals, contending that (1) the trial court judge allegedly acted as *de facto* counsel for The Palace, (2) the trial court judge allegedly conducted an improper ethics investigation of herself, (3) the trial court erred in rejecting his argument that he should be able to pierce the corporate veil, and (4) the trial court's finding of damages was clearly erroneous. Because none of Gray's arguments is supported by cogent reasoning or citation to relevant authority, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In August of 2011, Gray sued The Palace, alleging discrimination based on gender, race, age, and disable veteran status. Gray had apparently applied for a bartender position at The Palace and was not hired. On February 14, 2014, the trial court entered default judgment in favor of Gray. Gray requested some $295,000.00 in damages, but, on July 23, 2014, the trial court entered damages of $103,069.58 plus 8% post-judgment interest.

**DISCUSSION AND DECISION**

Without going into too much detail regarding the specifics of Gray's arguments, we conclude that they are all waived for failure to make cogent arguments. Indiana Rule of Appellate Procedure 46(A)(8) provides, in part, as follows:

(8) *Argument.* This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.

> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
>
> (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

To point out just a few shortcomings, Gray's "argument" contains no citations to the record,[1] no citations to any statutory or case law,[2] and no statements regarding the applicable standards of review.

> It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id.*

*Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004).

Gray's presentation of his issues on appeal falls far short of what the Appellate Rules require. Consequently, they are all waived for our consideration.

The judgment of the trial court is affirmed.

---

[1] There is, for all intents and purposes, no record on appeal. Gray did not provide this court with transcripts of any of the proceedings below, and his Appendix consists only of two seemingly identical copies of the chronological case summary.

[2] Gray repeatedly cites Indiana Rule of Judicial Conduct 2.9(C) without providing any of the rule's actual provisions or explaining how the trial court judge violated them.

NAJAM, J., and MATHIAS, J., concur.