## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2016, 6:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Dwayne E. Gray
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michelle A. Cobourn-Baurley
McNeely Stephenson
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dwayne E. Gray and
Jeffrey E. Minor,[1]

*Appellants-Respondents,*

v.

Indiana Farm Bureau Insurance
Company,

*Appellee-Petitioner.*

March 23, 2016

Court of Appeals Case No.
49A05-1503-PL-128

Appeal from the Marion Superior
Court

The Honorable James B. Osborn,
Judge

Trial Court Cause No.
49D14-1412-PL-39176

**May, Judge.**

---

[1] Minor does not participate in this appeal, but he is a party of record on appeal because he was a party at the trial court.

Dwayne Gray appeals the dismissal of Indiana Farm Bureau's action in Marion Superior Court and the denial of his motion to correct error. We affirm.

## Facts and Procedural History

Sometime in late 2014, Brian and Sharina Eichhorn hired Gray to pack a number of items at their house in Hamilton County. On October 17, 2014, Gray and a subcontractor, Jeffrey Minor, removed the items and placed them in a storage facility. On the same day, the Eichhorns contacted their homeowners' insurance company, Indiana Farm Bureau Insurance Company ("Farm Bureau") to report the loss because Gray and Minor were not to remove the personal property from the residence. On November 10, 2014, the Eichhorns sued Gray in Hamilton County ("Hamilton County Action") claiming he removed personal property from the Eichhorns' residence.

On November 21, 2014, Farm Bureau sought a temporary restraining order against Gray and Minor in Marion County ("Marion County Action") "to preserve and protect personal property" belonging to the Eichhorns. (App. at 8.) On December 10, 2014, Gray filed a *pro se* "Response to Complaint for Damages, Counterclaim, and Motion to Dismiss" in the Marion County Action. (*Id*. at 19.) He outlined his version of the facts and designated evidence relevant to the Hamilton County Action. He counterclaimed for breach of verbal contract, libel and slander, and defamation of character. Gray requested a jury trial and asked the trial court to dismiss "the Plaintiff's Motion for Complaint and Damages." (*Id*. at 24.) He did not address the restraining order Farm Bureau requested in the Marion County Action.

[4] On December 10, 2014, the trial court held a hearing on the Marion County Action. Gray and Minor attended that hearing. On December 12, 2014, the trial court entered a temporary restraining order, requiring Gray and Minor to allow Farm Bureau or its representative access to photograph the personal property at issue, to preserve and protect that property, and to refrain from selling or disposing of it. The temporary restraining order expired on December 30, 2014.

[5] On January 20, 2015, Gray filed a *pro se* "Motion to [sic] Leave and Request for Interrogatories and Production of Document [sic]" in the Marion County Action. (*Id*. at 45.) Interrogatories in the motion were directed at the Eichhorns, who were not parties in the Marion County Action, and requested information regarding what evidence the Eichhorns intended to present at trial.

[6] On January 29, 2015, Farm Bureau filed a motion to dismiss the Marion County Action because Gray and Minor had returned the Eichhorns' personal property. On March 2, 2015, the trial court held a hearing on Farm Bureau's motion to dismiss and on Gray's filings, including his December 10, 2014, response, jury trial demand, and counterclaims and his January 20, 2015, motion for discovery.

[7] During the March 2, 2015, hearing, the trial court confirmed the Eichhorns' personal property had been returned and indicated it would grant Farm Bureau's motion to dismiss the Marion County Action. The trial court, Minor, and Gray had the following dialogue regarding Gray's discovery requests:

[Minor]: . . . The motion was filed by Indiana Farm, and you see, you see what I'm saying? So because they made – they raised that issue, and held us up in the particular court, we thought that you, since you got jurisdiction of that [the Marion County Action], you might as well have jurisdiction of [the Hamilton County Action].

[Court]: But we don't have [jurisdiction].

[Minor]: So, so then what you're. . .

[Court]: That case is still in Hamilton County. You abided by the Order of this court. If you have damages you still have the right in Hamilton County to submit those.

[Minor]: But you're saying as far as anything else is concerned, you don't hold jurisdiction over anything else?

[Court]: No.

[Minor]: As far as that concerned?

[Court]: I mean the only purpose was the restraining order. That has been completed. You adhered to the order in this court.

[Minor]: Right, right.

[Gray]: But you know, Your Honor, in all fairness all I asked for was production of documents. I couldn't even get that, and . . .

[Court]: What documents did you need for a restraining order?

[Gray]:        You know, ah, I asked for interrogatories and production of documents from [Farm Bureau] because it would clear –

[Court]:       Well . . .

[Gray]:        -- our case in Hamilton County because we have still a pending [action] in their . . .

[Court]:       Well you still have the right to get those under that lawsuit if you want a discovery to a non-party.

[Minor]:       You're just saying that you're not responsible, and you don't have jurisdiction over him getting those production of documents?

(Tr. at 36-7) (grammatical errors in the original).  The parties and the trial court continued the discussion, and Farm Bureau indicated it would comply with any discovery requests Gray filed in the Hamilton County Action.

[8]     The Marion County action was dismissed by court order on March 4, 2015.  On March 9, 2015, Gray filed a Motion to Correct Error alleging the trial court "has committed flagrant violations of the Rules of Indiana Procedure, and shows Special favor to Petitioner, Clear Bias for the reasons discussed below, Respondent's has suffered loss because of prejudice and request punitive damages , filing a Complaint of Judicial Misconduct and Demand full Jury

Trial." (Br. of Appellant[2] at 5) (errors in original). The trial court denied his motion the same day.

## Discussion and Decision

[9] We first note Gray proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[10] As best as we can ascertain, Gray argues the trial court erred when it granted Farm Bureau's motion to dismiss the Marion County Action and when it did not rule on any of his motions filed in the Marion County Action. He also seems to argue he was denied due process and the trial court erred when it denied Gray's request for a jury trial. However, Gray has not presented his arguments in a cogent manner, nor has he cited to relevant authority or to the

---

[2] Neither party's appendix included Gray's Motion to Correct Error, but Gray provided a copy of the motion at the end of his brief.

record as required by Indiana Appellate Rule 46(A)(8)(a).[3] Thus, Gray's arguments are waived. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (non-compliance with Indiana Appellate Rules results in waiver of issues on appeal).[4]

## Conclusion

[11] Gray's arguments on appeal are waived for failure to make a cogent argument and cite to the record and relevant case and statutory authority. Accordingly, we affirm.

[12] Affirmed.

Najam, J., and Riley, J., concur.

---

[3] Indiana Appellate Rule 46(A)(8)(a) states: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."

[4] However, as the trial court explained in the portion of the Transcript quoted in the Facts, it seems the requests Gray made before the trial court in the Marion County Action may be more appropriately filed in the Hamilton County Action.