## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 20 2016, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Sondra Rabin
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sondra Rabin,<br>*Appellant-Defendant,*<br><br>v.<br><br>S.T.M. Enterprises, LLC,<br>*Appellee-Plaintiff.* | October 20, 2016<br><br>Court of Appeals Case No.<br>45A04-1604-SC-958<br><br>Appeal from the Lake Superior Court<br><br>The Hon. Calvin D. Hawkins, Judge<br><br>Trial Court Cause No.<br>45D02-1505-SC-2 |

**Bradford, Judge.**

## Case Summary

[1]   In this small-claims appeal, Appellant-Defendant Sondra Rabin appeals from the $575.00 judgment against her entered in favor of Appellee-Plaintiff S.T.M. Enterprises, LLC ("STM"). Because we conclude that Rabin has failed to

provide us with a cogent argument or record sufficient to review her claims on appeal, we affirm.

# Facts and Procedural History

In the fall of 2012, Rabin contacted STM about resodding her parents' gravesite in Hammond. STM informed Rabin that the requested work would cost between $475.00 and $575.00. When Rabin authorized that the work be done, STM resodded the gravesite in October of 2012 and billed Rabin $575.00. Rabin, denying that she had authorized STM to resod the gravesite and apparently also dissatisfied with the work, did not pay the bill, and, on or about April 8, 2015, STM brought suit against her. Following a bench trial on January 8, 2016, the trial court entered judgment in favor of STM for $575.00. On March 29, 2016, the trial court denied Rabin's motion to correct error.

# Discussion and Decision

Rabin contends that the trial court erred in finding that a contract existed between Rabin and STM and that its orders, specifically its order of judgment and the order denying Rabin's motion to correct error, were otherwise defective. We conclude, however, that Rabin's arguments are waived for failure to make cogent arguments. Indiana Rule of Appellate Procedure 46(A)(8) provides, in part, as follows:

> (8) *Argument.* This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.

(a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22. (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[4] Among the other significant deficiencies in Rabin's Appellant's Brief,[1] the three-sentence "argument" contains no citations to the record, no citations to any statutory or case law, and no statements regarding the applicable standards of review.

It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id*.

---

[1] Rabin's Appellant's Brief contains no table of authorities, statement of facts, or summary of argument. Ind. Appellate Rule 46(A). Additionally, Rabin did not file an Appendix. App. R. 49 ("The appellant *shall* file its Appendix with its appellant's brief.") (emphasis added).

*Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004).

Rabin's presentation of the issues on appeal falls far short of what the Appellate Rules require. Consequently, they are all waived for our consideration.

The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.