## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 20 2016, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT *PRO SE*** | **ATTORNEYS FOR APPELLEE ALLEN COUNTY COURTS** |
| Michael A. Wilson<br>Elkhart, Illinois | Thomas A. Hardin<br>Justin T. Molitoris<br>Shine & Hardin, LLP<br>Fort Wayne, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael A. Wilson,<br>*Appellant-Movant,*<br><br>v.<br><br>State of Indiana and Allen County Courts,<br>*Appellees-Respondents.* | October 20, 2016<br><br>Court of Appeals Case No.<br>02A03-1603-CR-661<br><br>Appeal from the Allen Circuit Court<br><br>The Hon. Thomas J. Felts, Judge<br><br>The Hon. Andrea R. Trevino, Magistrate<br><br>Trial Court Cause No.<br>02C01-9506-DF-95 |

**Bradford, Judge.**

## Case Summary

In 1996, the Allen Circuit Court granted Appellant-Movant Michael Wilson's petition for post-conviction relief ("PCR") with respect to his 1995 conviction for being a habitual traffic violator ("HTV") and the case was dismissed with prejudice. The Allen County Clerk of Courts ("the Clerk") did not provide notice of this to the Indiana State Police ("the ISP"). In 2015, Wilson filed for punitive damages and moved for contempt under the original cause number, alleging that the Clerk was negligent in failing to provide notice to the ISP in 1996 and seeking $20,000 in punitive damages. In March of 2016, the trial court granted Appellee-Respondent the Allen County Courts' motions to dismiss and for summary judgment. Because Wilson has failed to present this court with a cogent argument sufficient to evaluate his claims on appeal, we affirm the judgment of the trial court.

## Facts and Procedural History

On October 19, 1995, judgment for HTV was entered against Wilson in Allen Circuit Court. (Appellant's App. 1-2). On October 28, 1996, the trial court issued an order ("the Order") granting Wilson's PCR petition with respect to his HTV conviction dismissing the case with prejudice. (Appellant's App. 6-7). The parties agree that Clerk did not forward the Order to the ISP.

On October 26, 2015, the trial court apparently issued an amended judgment to the ISP and FBI reflecting the 1996 grant of post-conviction relief and dismissal of charges with prejudice. (Appellant's App. 7). On November 12, 2015, Wilson filed motions for punitive damages and to find the Clerk in contempt,

seeking $20,000 in damages, alleging mental distress and lost employment opportunities due to the Clerk's failure to send the Order to the ISP in 1996. (Appellant's App. 19-21).

[4] On December 10, 2015, Appellee filed a motion to dismiss Wilson's motion for punitive damages. (Appellant's App. 22). On January 11, 2016, Appellee moved for summary judgment on both of Wilson's claims. (Appellant's App. 33-34). On January 26, 2016, Wilson moved for summary judgment on all claims. (Tr. 36). On March 18, 2006, the trial court granted Appellee's motion to dismiss Wilson's claim for punitive damages and granted summary judgment in favor of Appellee on Wilson's motion for contempt. (Appellant's Br. 11-14). The trial court concluded that Appellee, as a qualifying governmental entity, could not be liable for punitive damages and that the Clerk was not ever in contempt because the Order did not contain any language directing the Clerk to send it to any other governmental entities. (Appellant's App. 11-14).

## Discussion and Decision

[5] Wilson contends that the trial court erred in ruling in favor of Appellee because the Clerk was negligent for failing to notify the ISP of the Order in 1996. We conclude, however, that Wilson's arguments are waived for failure to make cogent arguments. Indiana Rule of Appellate Procedure 46(A)(8) provides, in part, as follows:

> (8) *Argument.* This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.

(a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
(b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[6] Among the other significant deficiencies in Wilson's Appellant's Brief,[1] the "argument" consists of three declaratory sentences and one rhetorical question but contains no citations to the record, no citations to any statutory or case law,[2] and no statements regarding the applicable standard of review.

It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we

---

[1] Aside from his deficit argument section, Wilson has failed to provide a compliant table of contents, table of authorities, statement of issues, statement of the case, statement of facts, summary of argument, or conclusion. Ind. Appellate Rule 46(A). Wilson's Appellant's Brief does not contain a single citation to the record on appeal. Finally, Wilson did not file an appendix. App. R. 49 ("The appellant *shall* file its Appendix with its appellant's brief.") (emphasis added).

[2] The only citation to authority with any attempt to explain its significance appears in Wilson's summary of argument, and is to "Government Code Sec. 815.6," which Appellee informs us is a California statute. Section 815.6, even if it stands for the proposition Wilson claims that it does, is not binding on an Indiana governmental entity.

> will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id.*

*Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004).

[7] Wilson's presentation of the issues on appeal falls far short of what the Appellate Rules require. Consequently, they are all waived for our consideration.

[8] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.