## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2017, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Jeffrey Lambert,
Indianapolis, Indiana

APPELLEE *PRO SE*

Jill Fox
Franklin, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Lambert,

*Appellant-Plaintiff*

v.

Jill Fox,

*Appellee-Defendant.*

April 19, 2017

Court of Appeals Case No.
32A04-1611-DR-2552

Appeal from the Hendricks
Superior Court

The Honorable Matthew G.
Hanson, Special Judge

Trial Court Cause No.
32D01-0207-DR-104

**Bradford, Judge.**

# Case Summary

Appellant-Plaintiff Jeffrey Lambert appeals a ruling by the trial court which ordered Lambert and his ex-wife Appellee-Defendant Jill Fox to split two-thirds of their children's college expenses. Because Lambert has waived his claims relating to the issues presented on appeal by failing to provide us with a cogent argument or citations to authority sufficient to review his claims, we affirm.

# Facts and Procedural History

While Lambert and Fox were married, they had two children together. At some point while the children were still minors, a dissolution was filed. A dissolution decree was entered on September 20, 2004. On October 6, 2016, the trial court issued an order addressing numerous issues, including the fact that the parties were to split two-thirds of the children's college expenses so long as the children maintained a grade point average of 2.75 or higher.

# Discussion and Decision

Lambert contends that the trial court erred in ordering him to pay 1/3 of the college expenses. Specifically, Lambert argues that the trial court's ruling was contrary to a modified dissolution decree. Further, Lambert asserts that the two-thirds of the college expenses should be split between the parties by the same percentages as child support instead of equally. We conclude, however, that Lambert's arguments are waived for failure to provide us with a cogent

argument and failure to cite relevant authorities. Indiana Rule of Appellate Procedure 46(A) provides, in part, as follows:

> (2) *Table of Authorities*. The table of authorities shall list each case, statute, rule, and other authority cited in the brief, with references to each page on which it is cited. The authorities shall be listed alphabetically or numerically, as applicable.
>
> ****
>
> (8) *Argument*. This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
>> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Among other deficiencies, Lambert's brief contains no table of authorities, no statement of the facts, no citations to any statutory or case law, and no statement regarding the applicable standard of review.

It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id*.

*Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004). Lambert's appellate brief falls short of what the Appellate rules require. Therefore, his claims are waived for our consideration.

[5] The judgement of the trial court is affirmed.

Najam, J., and Riley, J., concur.