## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 14 2017, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick R. Burt, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 14, 2017 <br><br> Court of Appeals Case No. 48A04-1611-CR-2698 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Judge <br><br> Trial Court Cause No. 48C03-1503-F3-412 |

**Barnes, Judge.**

## Case Summary

Derrick Burt appeals the trial court's interlocutory order denying his motion to suppress evidence. We reverse and remand.

## Issue

The sole issue Burt raises for review is whether a warrant issued for a body cavity search of Burt was supported by probable cause.

## Facts

In March of 2015, Burt was incarcerated in the Indiana Department of Correction, where he was serving a sentence in another case. He was transported to the Madison County Jail for a modification hearing that was to be held on March 9, 2015.

Detective Jake Brooks of the Anderson Police Department was assigned to the Madison County Drug Task Force and was contacted by Sheriff Scott Mellinger concerning suspicion of heroin trafficking in the Madison County Jail. The sheriff told Detective Brooks about an interview the sheriff had with Daniel Massengale,[1] Burt's cellmate while incarcerated in the Madison County Jail. Based upon this information, Detective Brooks met with Massengale, and

---

[1] In the transcript for the case, Daniel Massengale's last name also is spelled "Massingale."

Massengale disclosed that Burt was hiding heroin in his rectum and trafficking the drug to other inmates.

[5] On March 10, 2015, a Madison County deputy prosecutor appeared before the trial court on an oral application for a limited warrant for the purpose of obtaining a body cavity search of Burt to locate "any items that possibly could be concealed in his rectum." Defendant's Ex. D, p. 4. A probable cause affidavit was not filed. Instead, that same day, Detective Brooks appeared before the trial court and testified that Massengale, after being Mirandized, told him that Burt possessed heroin, had "stuffed" the heroin in his rectum, had been in the Madison County Jail for approximately five or six days, had been transferred to the jail for a hearing, and that Massengale had observed Burt "trafficking with other inmates [the] substances from [Burt's] rectum . . . [, p]assing it to inmates . . . ." *Id*. at 3-4. Detective Brooks testified that the last time Massengale saw Burt in possession of heroin was around 11:30 a.m. that day, when Burt had to remove the "package" from his rectum to use the bathroom. *Id*. at 4. Detective Brooks also testified that "[Massengale] actually described the substance as being wrapped in a glove. Like a latex glove and that the substances were wrapped in plastic bags a couple of times so it wouldn't break in [Burt's] rectum." *Id*.

[6] Later, the same day, the trial court found probable cause to issue the limited warrant. The trial court then issued an order that granted the State's application for the warrant and directed the Madison County clerk to issue a warrant so that a cavity search of Burt could be conducted "for the purpose of

collection of concealed illicit drugs." Defendant's Ex. B. However, the clerk did not issue the warrant until March 16, 2015.

[7] On March 10, 2015, based upon the order issued by the trial court, the police took Burt into custody, and Burt was transported to a hospital where a body cavity search was conducted. Following an examination by a doctor at the hospital, a powdery substance contained in baggies was found in Burt's rectum. The substance was seized and, later, tested and found to be heroin.

[8] On March 16, 2015, the State filed a written application for a limited warrant to obtain a cavity search of Burt, and the State also charged Burt with dealing in a narcotic drug, as a Level 3 felony, and with possession of at least five grams of a narcotic drug, as a Level 5 felony. On that same day, the clerk issued the bench warrant.

[9] Burt filed a motion to suppress the evidence discovered during the search, which the trial court denied on November 1, 2016. On November 3, 2016, Burt filed a motion to certify the trial court's November 1 order for interlocutory appeal, which the trial court granted. Burt filed with this court a motion to accept jurisdiction over the interlocutory appeal on November 28, 2016. This court accepted jurisdiction over the interlocutory appeal on January 6, 2017.

# Analysis

[10] Burt contends that the evidence seized during the cavity search should be suppressed under the Fourth Amendment to the United States Constitution.[2] He specifically argues that the search warrant was invalid because Detective Brooks' testimony lacked sufficient indicia of reliability to establish probable cause for the issuance of the warrant. According to Burt, Detective Brooks' testimony was based on uncorroborated hearsay from a source, that is, Burt's cellmate, whose credibility was unknown. The State argues that Detective Brooks' testimony contained reliable information establishing the credibility of Burt's cellmate, and contained information establishing that the totality of the circumstances corroborated the hearsay.

[11] We deferentially review a trial court's denial of a defendant's motion to suppress, construing conflicting evidence in the manner most favorable to the ruling. *Kelly v. State,* 997 N.E.2d 1045, 1050 (Ind. 2013). Although we do not reweigh the evidence, we will "consider any substantial and uncontested

---

[2] In his brief, Burt also "points out that [Detective] Brooks did the search of Burt without having the warrant in his hand. The warrant was not even issued until six (6) days after Burt was searched . . . ." Appellant's Br. p. 13. However, we decline to address this issue because this case is resolved on other grounds. Also, Burt does not present a cogent argument as to how this procedural occurrence might have invalidated the search warrant. It is well-settled that we will not consider an appellant's assertion on appeal when he has failed to present a cogent argument supported by citation to authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003).

Although Burt also contends that the evidence seized during the cavity search should be suppressed under Article I, Section 11 of the Indiana Constitution, he presents no separate argument and analysis with respect to the state constitution. Thus, any separate state constitutional claim is waived because of his failure to make a cogent argument under that provision. *See Davis v. State*, 907 N.E.2d 1043, 1048 n.10 (Ind. Ct. App. 2009).

evidence favorable to the defendant." *Id.* However, to the extent the motion raises constitutional issues, our review is de novo. *Campos v. State,* 885 N.E.2d 590, 596 (Ind. 2008).

[12] In deciding whether to issue a search warrant, "'[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. Spillers*, 847 N.E.2d 949, 952-53 (Ind. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317 (1983)). The duty of a reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *Id*. at 953 (quoting *Gates*, 462 U.S. at 238-39, 103 S. Ct. at 2332). "A substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause." *Id*. A "reviewing court" for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision. *Id.* Although we review de novo the trial court's substantial basis determination, we nonetheless afford "significant deference to the magistrate's determination" as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination. *Id.*

[13] The Fourth Amendment to the United States Constitution protects persons from unreasonable search and seizure by prohibiting, as a general rule, searches and seizures conducted with a warrant that is not supported by probable cause.

U.S. Const. amend. IV. These constitutional principles are codified in Indiana Code Section 35-33-5-2, which details the information to be contained in an affidavit for a search warrant. *Spillers*, 847 N.E.2d at 953. Where a warrant is sought based on hearsay information, the affidavit must either:

> (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

> (2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind. Code § 35-33-5-2(b). Indiana Code Section 35-33-5-8 authorizes a judge to issue a search or arrest warrant without the affidavit required under Indiana Code Section 35-33-5-2 if the judge receives testimony subject to the penalties for perjury of the same facts required for an affidavit.

[14] Uncorroborated hearsay from a source whose credibility is itself unknown, standing alone, cannot support a finding of probable cause to issue a search warrant. *Gates*, 462 U.S. at 227, 103 S. Ct. at 2326. The hearsay must exhibit some hallmarks of reliability. *Jaggers v. State*, 687 N.E.2d 180, 182 (Ind. 1997). The trustworthiness of hearsay for the purpose of proving probable cause can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activity by

the suspect that is not ordinarily easily predicted. *Id*. These examples are not exclusive. "Depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay." *Id.*

[15] Burt argues that the probable cause testimony provided by Detective Brooks failed to establish Massengale's credibility and did not contain information establishing that the totality of the circumstances corroborated the hearsay. We agree.

[16] Regarding the first two examples for establishing the trustworthiness of the hearsay, Detective Brooks' testimony did not indicate that Massengale gave correct information in the past, and the detective did not testify to an independent police investigation that corroborated Massengale's statements. There was no evidence for instance that, after Burt's arrival at the jail, the incidents of heroin activity increased. Regarding the third example, while there was a basis for Massengale's knowledge, that is, sharing a cell with Burt, no testimony was presented to establish Massengale's knowledge of Burt's activities other than Massengale's own statements. *See, e.g., Cartwright v. State*, 26 N.E.3d 663, 669 (Ind. Ct. App. 2015) (holding hearsay statements insufficient to support probable cause where informant was generally familiar with manufacturing process for methamphetamine, but there was "nothing in the [probable cause] affidavit to establish the informant's knowledge of Cartwright's activities other than the informant's own statements"), *trans. denied*. As for the fourth example, the statements Massengale provided to Detective Brooks did not predict any conduct or activity by Burt.

[17] *Gates* indicated that "a statement that the event was observed first-hand" entitles the tip to "greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234, 103 S. Ct. at 2330. However, we find that Massengale's assertion of firsthand knowledge carries little weight in light of the total lack of corroboration of the claim and no basis for concluding that he was a credible source. *Id.*; *see Jaggers*, 687 N.E.2d at 183 (holding that only factor supporting crediting of anonymous tip was claim that caller had personally witnessed criminal activity, but caller gave no information to enable neutral and detached magistrate to assess credibility of claim of firsthand knowledge). Although Massengale knew several details about Burt, including the fact that Burt had been in the jail between five and six days and that Burt had been brought to the jail for a hearing, the verified facts were unremarkable and did not establish any corroboration of Massengale's claim that Burt was hiding heroin in his rectum.

[18] Particularly since we are dealing here with a jailhouse informant, the level of substantiation and credibility must meet the minimum legal requirements. In absence of proof of Massengale's credibility or corroboration under the totality of the circumstances, we find that Massengale's hearsay statements were insufficient to establish probable cause. The lack of probable cause renders the subsequent body cavity search of Burt invalid. We understand the search did,

in fact, recover heroin from Burt's rectum.[3] However, the law requires more than uncorroborated "snitching" from a cellmate. The trial court did not have sufficient legal authority to issue the search warrant.

[19] Nevertheless, lack of probable cause does not automatically require the suppression of evidence obtained during a search. *Cartwright*, 26 N.E.3d at 670. Indiana law provides:

> (a) In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.
>
> (b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:
>
> > (1) it is obtained pursuant to:
> >
> > > (A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid; or

---

[3] We note that corroboration of an informant's hearsay and establishing his credibility must occur prior to the search, not after. The fruits of the search cannot be used to support or justify an illegal search. *Manson v. State*, 249 Ind. 53, 56, 229 N.E.2d 801, 803 (1967), *cert. denied*.

> (B) a state statute, judicial precedent, or court rule that is later declared unconstitutional or otherwise invalidated; and
>
> (2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements established by rules adopted by the law enforcement training board under IC 5-2-1-9.

I.C. § 35-37-4-5.

[20] In *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984), the Supreme Court of the United States cautioned that certain police conduct would not qualify for this good-faith exception, including where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in the validity of the warrant entirely unreasonable. *Id.* at 923, 104 S. Ct. at 3421. Officers are reasonably charged with knowing the basic requirements of Indiana Code Section 35-33-5-2. *Jaggers*, 687 N.E.2d at 186. Detective Brooks should have known that establishing Massengale's credibility or corroborating his hearsay statements was necessary. *See Brown v. State*, 905 N.E.2d 439, 447 (Ind. Ct. App. 2009). Therefore, we conclude that Detective Brooks's reliance on the validity of the warrant was not objectively reasonable. The good-faith exception is not applicable.

## Conclusion

[21] The testimony presented by Detective Brooks to support the issuance of the search warrant lacked sufficient indicia of probable cause, and, therefore, the

warrant was invalid under the Fourth Amendment. The good-faith exception is inapplicable because Detective Brooks's reliance on the validity of the warrant was not objectively reasonable. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.


Baker, J., and Crone, J., concur.