## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2018, 6:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Margaret M. Christensen
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark A. Roesler, <br> *Appellant-Respondent,* <br><br> v. <br><br> Amy S. (Roesler) Riesmeyer, <br> *Appellee-Petitioner* | June 29, 2018 <br><br> Court of Appeals Case No. <br> 73A01-1708-DR-1926 <br><br> Appeal from the Shelby Circuit Court <br><br> The Honorable Jennifer K. Kinsley, Magistrate <br><br> The Honorable Charles D. O'Connor, Judge <br><br> Trial Court Cause No. <br> 73C01-9809-DR-71 |

**May, Judge.**

[1] Mark A. Roesler ("Father") appeals the trial court's denial of his verified petition for educational and other expenses. He argues the trial court erred when it determined it lacked authority pursuant to Indiana Code section 31-16-6-6 (2012) to issue an order for post-secondary educational expenses because Father's petition was untimely. Amy S. (Roesler) Riesmeyer ("Mother") argues the court did not err when it so decided, and she requests we award appellate attorney fees. We dismiss this appeal and remand for the court to calculate an award of appellate attorney fees for Mother.

# Facts and Procedural History

[2] Mother and Father married in 1986. Three children were born of the marriage. The marriage was dissolved in 2001 by agreement. The dissolution decree provided for support and custody of the three then-minor children, but was silent regarding post-secondary expenses for the children.

[3] On October 29, 2012, Father filed a verified petition to recognize emancipation and to modify child support, which sought to emancipate their two older children and modify Father's child support accordingly. On August 18, 2014, the parties filed an agreed entry emancipating their two older children and modifying Father's child support to an amount solely for the support of the youngest child, J.R. The court approved that agreed entry and entered an order (hereinafter, "2014 Order") that in relevant part provided:

> D. Mother and Father, by this Agreed Entry, agree to resolve all
> pending issues and issues discussed between the parties

(excepting college expense allocation, which is expressly reserved for future review), including but not limited to past child support, payment of child support through the date of [J.R.'s] emancipation (May 30, 2016), private high school costs, and property settlement payments.

* * * * *

7. [J.R.'s] College Expenses.  The parties defer addressing the issue of payment of [J.R.'s] college expenses to a later date.

(Appellant's App. Vol. II at 43 & 46.)[1]

[4]     On June 9, 2016, Father filed a verified petition asking the court to recognize J.R.'s emancipation and terminate child support.  Father's request did not address J.R.'s post-secondary education expenses.  The trial court granted Father's petition the same day ("2016 Order").

[5]     On November 19, 2016, Father filed a verified petition for educational and other related expenses.  Father's petition acknowledged the trial court's 2016 Order and stated J.R. was enrolled in post-secondary education at the University of Southern California and was participating in a study-abroad program as a full-time student effective Fall 2016.  Father asked the trial court

---

[1] The pages in Appellant's Appendix are not numbered as required by Indiana Appellate Rule 51(C).  This oversight has hampered our review of the facts of this case.

to determine Mother's obligation for J.R.'s educational expenses and other special related expenses totaling at least $65,000.

[6] On December 22, 2016, Mother filed a motion to dismiss Father's petition pursuant to Indiana Trial Rule 12(H)(2). Mother argued the trial court lacked authority to issue an order for educational support. On the same day, Mother also filed a motion for attorney's fees.

[7] Mother filed a brief supporting her motion to dismiss on April 19, 2017. Father responded thereafter and the trial court held a hearing on Father's petition on July 7, 2017. On July 28, 2017, the trial court denied Father's petition, finding it lacked authority to issue an order allocating post-secondary educational expenses. The trial court's order did not address Mother's request for attorney's fees.

# Discussion and Decision

## *Jurisdiction*

[8] Our authority to exercise appellate jurisdiction is generally limited to appeals from final judgments, certain interlocutory orders, and agency decisions. Ind. Appellate Rule 5. A judgment is final if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i)

under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

Ind. App. R. 2(H). Whether an order is a final judgment governs our subject matter jurisdiction. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003), *reh'g denied*.

> Neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable either as a final judgment or under Trial Rule 54(B). To the contrary, the lack of appellate jurisdiction can be raised at any time, and if the parties do not question subject matter jurisdiction, the appellate court may consider the issue *sua sponte*.

*Id*.

[9] Here, the trial court's order denied Father's petition for educational and other expenses but does not address Mother's petition for attorney's fees. Thus, it does not dispose of "all claims" between the parties as required by Indiana Appellate Rule 2(H)(1). *See Clark v. Atkins*, 489 N.E.2d 90, 99 (Ind. Ct. App. 1986) (trial court's order was not final order because it did not fully address

issue of attorney's fees), *reh'g denied, trans. denied, overruled on other grounds by Baxendale v. Raich*, 878 N.E.2d 1252 (Ind. 2008). The order also does not contain language pursuant to Indiana Trial Rule 54(B) or Indiana Trial Rule 56(C) directing the entry of judgment as to fewer than all the issues. Additionally, the order was not deemed final for the purposes of relief from the judgment pursuant to Indiana Trial Rule 60(C), it is not a ruling on a timely-filed mandatory or permissive motion to correct error under Indiana Trial Rule 59, and has not been otherwise deemed final by law. Therefore, we lack subject matter jurisdiction and cannot entertain Father's challenge of the trial court's order.

### Appellate Attorney's Fees

[10]    In her cross-appeal, Mother requests appellate attorney's fees pursuant to Indiana Appellate Rule 66(E), which states in relevant part: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." An award of appellate attorney's fees pursuant to Indiana Appellate Rulle 66(E) is discretionary and may be ordered when an appeal is "replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Trost–Steffan v. Steffan*, 772 N.E.2d 500, 514 (Ind. Ct. App. 2002), *reh'g denied*. In awarding these fees we must use extreme restraint because of the potential chilling effect on the exercise of the right to appeal. *Id.*

[11] There are two types of bad faith that permit appellate attorney fees - "substantive" and "procedural." *Wressell v. R.L. Turner Corp.*, 988 N.E.2d 289, 299 (Ind. Ct. App. 2013), *reh'g denied*.

> To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found.

*Id.* (quoting *Thacker v. Wentzel*, 797 N.E.2d 342, 346-47 (Ind. Ct. App. 2003)) (citations omitted).

[12] Here, Father filed an appeal from an order that was not a final judgment, which required us to dismiss the appeal without addressing the merits of his argument challenging the trial court's decision, such that his arguments are devoid of plausibility due to our lack of jurisdiction. In addition, Father's appendices have no page numbers, which makes review of and citation to the record difficult. While these substantive and procedural missteps do not rise to a level that would justify appellate sanctions, they are an unnecessary drain on not only our judicial resources, but also Mother's resources. Therefore, we remand for the trial court to determine an appropriate award of appellate attorney's fees to cover the costs Mother incurred defending this appeal. *See In re Walter Penner*

*Trust*, 22 N.E.3d 593, 602 (Ind. Ct. App. 2014) (awarding appellee Trust appellate attorney's fees based on appellant's procedural violations), *trans. denied*.

## Conclusion

Because the trial court's order denying Father's petition for educational and other expenses is not a final appealable order, we dismiss. We remand to the trial court for determination of appropriate appellate attorney's fees to be paid to Mother by Father.

Dismissed and remanded.

Riley, J., and Mathias, J., concur.