**OPINION ON REHEARING**



FILED

Feb 09 2018, 11:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.R.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

February 9, 2018

Court of Appeals Case No.
49A02-1704-JV-754

Appeal from the Marion Superior
Court

The Honorable Marilyn A. Moores,
Judge

Trial Court Cause No.
49D09-1701-JD-70

**Baker, Judge.**

[1]     The State petitions for rehearing following our opinion in which we vacated a juvenile delinquent's adjudication for the offense of carrying a handgun without a license, finding that a juvenile cannot be alleged to have committed this offense because a juvenile is unable to obtain a handgun license. *J.R. v. State*, – N.E.3d –, No. 49A02-1704-JV-754 (Ind. Ct. App. Dec. 8, 2017). We grant the State's petition to address the sole issue it raises: that we erred by concluding, without the benefit of briefing, that a juvenile may not be alleged or adjudicated delinquent for the offense of carrying a handgun without a license.

[2]     The State argues that, by its plain language, Indiana Code section 35-41-2-1(a), which governs the offense of carrying a handgun without a license, encompasses juveniles and other classes of people who are prohibited from legally obtaining a handgun license. The State also argues that the statute creates a blanket prohibition on carrying a handgun when a person does not have a license, regardless of why the person does not have a license.

[3]     The State fundamentally misunderstands our original decision. In that decision, we did not consider the statute governing the offense of carrying a handgun without a license in isolation; rather, we held that the statute generally governing the offense of carrying a handgun without a license does not apply to juveniles in light of the statute specifically governing the adjudication of a juvenile who commits dangerous possession of a firearm. In other words, we considered the two statutes together and harmonized them. As our Supreme Court has stated:

> . . . statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme. Accordingly, when one statute deals with a subject in general terms and another statute, pertaining to the same subject, deals in a more detailed and specific manner, then the two should be harmonized if possible. If the two statutes present an irreconcilable conflict, however, then the more detailed statute will prevail over the less detailed statute pertaining to the same subject matter.

*Sanders v. State*, 466 N.E.2d 424, 428 (Ind. 1984). In this case, there are two statutes pertaining to the same subject, and the more detailed statute—the statute governing a juvenile's dangerous possession of a firearm—prevailed.

[4] Moreover, the State contends on rehearing that every juvenile who possesses a handgun is necessarily delinquent. *See* Appellee's Pet. for Reh. p. 7-8. But that contention cannot be reconciled with the statute regarding the dangerous possession of a firearm by a juvenile, which, under certain circumstances, expressly allows a juvenile to possess a firearm. *See* Ind. Code § 35-47-10-1 (allowing a juvenile to possess a firearm for a firearms safety course, for practice for target shooting, and for organized competition, among other activities). We therefore disagree with the State's position.

[5] While we grant the State's petition to address its argument, we deny its request to alter the analysis and outcome of our original opinion, which remains unchanged.

Najam, J., and Altice, J., concur.