



**FILED**

Jun 25 2018, 2:31 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-JV-285

## J.R.,

*Appellant (Respondent),*

—v—

## State of Indiana,

*Appellee (Petitioner).*

Argued: June 7, 2018 | Decided: June 25, 2018

Appeal from the Marion Superior Court, No. 49D09-1701-JD-70
The Honorable Marilyn A. Moores, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 49A02-1704-JV-754

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

The juvenile court held a fact-finding hearing and found sixteen-year-old J.R. delinquent for committing acts that would be dangerous possession of a firearm and carrying a handgun without a license ("CHWOL"), had they been committed by an adult. J.R. appealed, arguing that the police who found the handgun in his possession during a pat-down search violated his rights under the United States and Indiana Constitutions to be free from unreasonable searches. J.R. also argued his dual adjudications constitute double jeopardy when each is predicated on the same evidence of his possession of a single handgun.

The Court of Appeals decided the pat-down search did not violate J.R.'s rights. On the remaining issue, the parties **agreed** that double jeopardy principles preclude his dual adjudications and, therefore, that his adjudication for CHWOL should be vacated. *See* Appellant's Br. at 15; Appellee's Br. at 20-22; Appellant's Amended Reply Br. at 8; Appellant's Resp. to State's Pet. to Trans. at 4. But the Court of Appeals *sua sponte* held the adjudication for CHWOL must be vacated for a different reason: that, as a matter of law, a delinquency adjudication cannot be based on CHWOL. It vacated the adjudication for CHWOL and affirmed the adjudication for dangerous possession of a firearm. *J.R. v. State*, 89 N.E.3d 408 (Ind. Ct. App. 2017), *reh'g granted*, 94 N.E.2d 702 (Ind. Ct. App. 2018), *vacated*. Each side sought transfer, which we granted.

We held oral argument and have considered the appeal. We summarily affirm the parts of the Court of Appeals' original opinion that address and reject J.R.'s challenge to the pat-down search, including the sections entitled "Facts" and "I. Search and Seizure." *See* Ind. Appellate Rule 58(A)(2).

As the parties agree on disposition of the double jeopardy issue, we remand to the juvenile court to vacate the delinquency adjudication

for CHWOL, and we affirm the delinquency adjudication for dangerous possession of a firearm.[1]

All Justices concur.

ATTORNEYS FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

Ruth Ann Johnson
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Stephen R. Creason
Ellen H. Meilaender
Matthew B. MacKenzie
Deputy Attorneys General
Indianapolis, Indiana

---

[1] *See J.G. v. State*, 93 N.E.3d 1112, 1125 (Ind. Ct. App. 2018) (affirming delinquency adjudication for dangerous possession of a firearm and remanding to vacate adjudication for CHWOL where juvenile argued, and State conceded, the CHWOL adjudication should be vacated on double jeopardy grounds), *trans. denied*. At oral argument in J.R.'s appeal, the Court questioned whether a juvenile delinquency adjudication may be based on dangerous possession of a firearm. "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits an act that **would be an offense if committed by an adult** . . . ." Ind. Code § 31-37-1-2 (emphasis added). In finding J.R. delinquent, the court cited this statute along with one providing, "A **child** who knowingly, intentionally, or recklessly possesses a firearm for any purpose other than a purpose described in section 1 of this chapter **commits dangerous possession of a firearm, a Class A misdemeanor.**" Ind. Code § 35-47-10-5(a) (emphasis added); *see* Ind. Code § 35-47-10-3 (defining "child" as person less than eighteen years of age). Although this language in bold raises the question whether dangerous possession of a firearm can serve as the basis for a delinquency adjudication, we need not decide that issue today because the parties have not raised and briefed it.