## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 14 2018, 7:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Samuel M. Walker
Nancy Mae Walker
Limon, Colorado

ATTORNEY FOR APPELLEE

William H. Mullis
William H. Mullis, P.C.
Mitchell, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel M. Walker and Nancy Mae Walker,<br>*Appellants-Petitioners,*<br><br>v.<br><br>Town of Orleans,<br>*Appellee-Respondent.* | November 14, 2018<br><br>Court of Appeals Case No.<br>18A-MI-839<br><br>Appeal from the Orange Circuit Court<br><br>The Honorable Steven L. Owen, Judge<br><br>Trial Court Cause No.<br>59C01-1611-MI-306 |

**Najam, Judge.**

## Statement of the Case

[1]     Samuel M. Walker and Nancy Mae Walker appeal the trial court's judgment for the Town of Orleans ("the Town") on the Town's motion for costs, which

judgment the court entered after a bench trial. The Walkers purport to raise nine issues for our review, but we address only the following dispositive issue: whether the Walkers have carried their burden on appeal to demonstrate trial court error.

We affirm.

## Facts and Procedural History

In February of 2016, a fire severely damaged the Walkers' two-story residence near the Orleans town square. Thereafter, the Town gave the Walkers notice that the Walkers had to clear the debris from the location, but the Walkers did not do so. Instead, in November, the Walkers filed a petition for injunctive relief against the Town. In their petition, the Walkers acknowledged that the Town had "proceeded under the Unsafe Building Code in an attempt to clear . . . the unsightly mess and debris from the burned house" and that the Town had "been in communication" with the Walkers "relating to the clean up of said property." Appellants' App. Vol. II at 7. However, the Walkers "wishe[d] to complete the clean up of the property" themselves without having to reimburse the Town for contractor work. *Id.* at 8.

The trial court granted the Walkers' request for a temporary restraining order but instructed the Walkers to "proceed and continue with debris removal and clearing of the property pending this matter." *Id.* at 9. The Town then filed a counter-petition for its own injunction against the Walkers due to their continuing failure to clear the property. On December 2, after a hearing on

both petitions, the court ordered the Walkers to clear the property no later than December 12. The court found that, "if the property has not been certified as clean by counsel [for the Town by that date, the Town] may enter upon said property and clean. [The Town] may use city employees[ or] place the matter for public bid, and the costs shall be assessed to [the Walkers]." *Id.* at 12. The Walkers did not object to the court's December 2016 instructions.

[5] Despite the court's directives, the Walkers failed to clear the property, and the Town eventually hired contractors to remove the debris, level the area, and reseed. The Town then sought reimbursement from the Walkers by way of a motion for costs in the trial court. In the trial court, the Walkers objected to the Town's requests for costs on the ground that the Town had not properly followed the process required by law for giving the Walkers notice of the Town's actions; that the Town had not followed the process required by law for obtaining bids from contractors; and that the Town had deprived the Walkers of the process required by law in the manner in which the Town had cleared the property. The Walkers then requested that the trial court order the Town to pay the Walkers a money judgment of more than $57,000.

[6] The trial court held a fact-finding hearing on the parties' requests. At that hearing, when asked whether they had complied with the court's December 2016 order to have the property cleared by December 12, 2016, the Walkers conceded that work remained to be done on that date. Tr. Vol. II at 28. The court then found for the Town and ordered the Walkers to reimburse the Town

$6,000 for costs incurred by the Town to clear the Walkers' property. This appeal ensued.

## Discussion and Decision

The Walkers appeal the trial court's judgment on the Town's motion for costs, which judgment the court entered after an evidentiary hearing. We review the trial court's judgment here, which is not supported by findings of fact and conclusions thereon, under the general judgment standard. Under that standard, "a judgment will be affirmed if it can be sustained on any legal theory supported by the evidence." *J.B. v. Ind. Dep't of Child Servs. (In re S.D.)*, 2 N.E.3d 1283, 1287 (Ind. 2014). A trial court's judgment "comes to this court clothed with a presumption of validity, and the appellant bears the burden of proving that the trial court erred." *Consumer Attorney Servs., P.A. v. State*, 71 N.E.3d 362, 364 (Ind. 2017) (quotation marks omitted).

The Walkers have not carried their burden on appeal to show that the trial court erred.[1] Indeed, the "Argument" section of the Walkers' brief on appeal is less than thin—it is literally a blank page. Appellants' Br. at 9. Suffice to say that a blank page does not meet our appellate rules' requirement of argument supported by cogent reasoning and citations to authority. Ind. Appellate Rule 46(A)(8)(a). And it is not this Court's place to invent arguments on behalf of

---

[1] It is of no moment that the Walkers have proceeded *pro se*. "It is well settled that *pro se* litigants are held to the same legal standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016).

the parties. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003); *see also J.R. v. State*, 100 N.E.3d 256, 258 n.1 (Ind. 2018) (per curiam) (declining to reach an issue "not raised and briefed" by the parties).

[9] And the other parts of the Walkers' brief on appeal are not helpful. The Statement of the Issues asserts nine errors, with one sentence devoted to each assertion. The Statement of the Facts is eight sentences, which appear to largely repeat the Statement of the Issues. And the Summary of the Argument asserts, in total:

> The Town over-reached its authority by removing personal property consisting of lumber, planking, bricks, sandstone stepping stones and sidewalk sections, gazebo concrete platform[,] and all trees, bushes, plants, to then level and seed.
>
> All debris had been removed by appellants and basement filled prior to contract ratification.
>
> Many due process steps were omitted by the Town to achieve [its] objective.

Appellants' Br. at 8.

[10] We surmise that the Walkers are dissatisfied with the process the Town used to obtain bids, hire a contractor, remove the debris from the Walkers' property, and file its notice of claim. However, at no point do the Walkers discuss the evidence most favorable to the trial court's judgment, which is the only evidence we may consider on appeal. Further, at no point do the Walkers discuss the effect their petition for injunctive relief had on the Town's process.

Indeed, after the Walkers had filed their petition and invoked the jurisdiction of the court, the remainder of the process occurred under court supervision.

[11] The Walkers disregard the fact that, when they filed their petition, they acknowledged that the Town had, to that point, "proceeded under the Unsafe Building Code," had "placed the clean up of the property out for bid and . . . secured a contractor," and had "been in communication[]" with the Walkers. Appellants' App. Vol. II at 7-8. They disregard the fact that, in December of 2016, the trial court expressly authorized the Town to enter onto the Walkers' property to clear it, either with the Town's employees or with contractors, if the Walkers had failed to have the property cleared by December 12, 2016. And they do not suggest on appeal that the trial court lacked the authority to give those instructions or that the Town's actions were not in conformity with those instructions.

[12] In sum, the Walkers have not carried their burden on appeal to demonstrate that the trial court erred when the court ordered the Walkers to clear the property by December 12, 2016. The trial court gave the Walkers notice and an ample opportunity to resolve the code violation. Then the court did exactly what the court had informed the Walkers it would do, namely, that, should they fail to clear the property by that date, the court would assess the Town's costs for the removal of the debris, the leveling of the area, and reseeding against them. Accordingly, we affirm the trial court's judgment.

[13] Affirmed.

Crone, J., and Pyle, J., concur.